In re Donald James **PECKINPAUGH**, **Betty Marilyn Peckinpaugh, Debtors.**

**Bankruptcy No. 80–00441.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 7, 1982.

Quentin M. Derryberry, II, Lima, Ohio, trustee in bankruptcy.

William Scott O'Brien, Findlay, Ohio, for applicant.

Edward F. Zoltanski, Toledo, Ohio, for George and Mary Peckinpaugh.

ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the application of Production Credit Association of Northern Ohio (Credit) for abandonment of the following property: a one half interest in and to one super B grain dryer with bin. It is the opinion of this Court that, given the present posture of this case, in the interests of justice, the Court should abstain from determining the respective property interests of the parties in this property and grant relief from stay to allow the parties to litigate these issues in state court.

By order entered August 11, 1982, the Trustee, Credit, and George and Mary Peckinpaugh (The Peckinpaughs) were directed to submit to the Court an agreed stipulation of facts underlying this dispute. Credit and the Trustee were directed to file memoranda in support of their respective positions. To date, the Court has received a "stipulation of facts" signed only by Credit, although acknowledged in a letter by the Trustee to be correct to the extent of his knowledge, and the memorandum of Credit.

The issues relating to the application for abandonment are two. The first question to be resolved is the determination of whether the property in question is a fixture on the real estate owned by the Peckinpaughs. If the property is not a fixture, the lien of Credit is apparently valid. If the property is a fixture, then, by virtue of its failure to file a copy of the security agreement in Williams County, Ohio, the situs of the property, Credit's lien is admit-

tedly invalid. The second issue concerns the respective property rights of the Debtors and the Peckinpaughs in the property. Both Donald James Peckinpaugh, one of the Debtors, and George Peckinpaugh, his brother, apparently contributed equally to the purchase of the property on June 7, 1978.

The Court has been called upon to decide only the question of the secured or unsecured status of Credit in determining the merits of Credit's application for abandonment. The Trustee's failure to file a memorandum in support of his position as directed in this Court's order of August 11, 1982 and his acknowledgement that certain of the facts in the so called "stipulation" filed by Credit are beyond his knowledge leaves the posture of this litigation in a stage of less than satisfactory development. Furthermore, the Peckinpaughs have failed to indicate their concurrence or objection to the stipulation while, in a "statement" filed August 5, 1982, asserting some interest in the property and requesting the Court to preserve their rights in the property for subsequent determination in the state court.

While it is conceivable that the Court could determine the question of Credit's secured or unsecured status in this record presently before the Court, in any event, the interest of the Peckinpaughs vis-a-vis the Trustee would be left for subsequent determination in either this or another court. It is the opinion of this Court that principles of judicial economy dictate that both these matters be determined in one proceeding. In addition, the possibility remains that the Trustee would recover nothing for the estate, rendering the conduct of the litigation in this Court of questionable utility. Furthermore, the resolution of this controversy involves questions almost entirely of state law, matters of paramount concern to the Ohio courts. As a result the Court will abstain from determination of this issue by virtue of its powers under 28 U.S.C. Section 1471(d) at the same time granting the parties relief from stay to determine, in a single proceeding in state court, all the issues raised by this litigation.

In light of the foregoing, it is hereby,

ORDERED that the application of Production Credit Association of Northern Ohio to abandon property be denied. It is further,

ORDERED that Production Credit Association and George and Mary Peckinpaugh be granted relief from stay to litigate the issues raised by the application in a state court of competent jurisdiction.