In re Catherine L. FIEDLER, aka Kay Fiedler and aka Mrs. Earl Fiedler, individually; fdba Melody Farms; a limited partner of MBBC, Ltd., a Colorado limited partnership; and as Personal Representative and Beneficiary of the Estate of Earl Fiedler, Debtor.

**METRO MILL & CASEWORK, INC., Plaintiff,**

v.

Catherine L. FIEDLER, a limited partner of MBBC, Ltd., and as Personal Representative and Beneficiary of the Estate of Earl Fiedler, Defendant.

Proceeding No. 83 J 1520.

United States Bankruptcy Court, D. Colorado.

Nov. 14, 1983.

Richard C. LaFond, LaFond & Evangelisti, Denver, Colo., for plaintiff.

Steven L. Zimmerman, Zimmerman & Schwartz, P.C., Denver, Colo., for debtor/defendant.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Plaintiff's Complaint for Relief from Stay or in the Alternative for Declaration of Non-Applicability of Stay. At the Preliminary Pre-trial Conference, held on August 12, 1983, the parties agreed that the matter should be submitted to the Court on stipulated facts and briefs. The pertinent facts, as they appear in the Stipulation filed with the Court, are as follows.

The Debtor and her husband, Earl Fiedler, were general partners in a Colorado limited partnership known as MBBC, Ltd. On or about November 1, 1980, Plaintiff Metro Mill and Casework commenced an action in the District for Summit County Colorado to foreclose a mechanic's lien. The Debtor and Earl Fiedler as well as MBBC, Ltd. were named as defendants in the mechanic's lien action. MBBC, Ltd. was named as the owner of the land upon which the improvements were provided. Subsequent to the filing of the mechanic's

lien action, Catherine and Earl Fiedler became limited partners of MBBC, Ltd., instead of general partners. Then, Earl Fiedler died and Catherine Fiedler, as personal representative of his estate, was substituted as a party in his place in Metro Mills' action. Later, MBBC, Ltd.'s limited partners sold their partnership interests to a third party. This transfer of interest was conditioned upon the limited partners' agreement to indemnify the purchaser for any liability attributable to the mechanic's lien claim and $62,000.00 was escrowed to satisfy any claim of Metro Mill. On May 27, 1983, Mrs. Fiedler filed a petition under Chapter 11. On or about July 13, 1983, the state court continued the mechanic's lien action pending resolution by this court of the effect of the automatic stay. The trial in state court was set for September 12, 1983.

Metro Mill then filed this proceeding for relief from the automatic stay or for a declaration that the automatic stay does not apply to Mrs. Fiedler in her capacity as personal representative of the Estate of Earl Fiedler or to the limited partnership MBBC, Ltd. The Defendant concedes that the action against MBBC, Ltd. is not stayed and seeks the protection of the automatic stay only for herself as an individual and in her status as personal representative of the estate of Earl Fiedler.

Upon the filing of a petition in bankruptcy, all pending proceedings against the Debtor are stayed by 11 U.S.C. § 362(a)(1). That section provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

By its clear language, § 362(a)(1) stays the state court mechanic's lien suit against Mrs. Fiedler as an individual. Whether it also stays the suit against her in her capacity as a representative of her deceased husband's estate is a closer question. She has been substituted as a party for her late husband and the automatic stay would not have applied to him as a co-defendant if he were still alive. *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541 (5th Cir.1983); *In re Related Asbestos Cases,* 23 B.R. 523 (Bkrtcy.D.Cal.1982). Also, a finding of liability against Mrs. Fiedler as a personal representative of Mr. Fiedler's estate will not impact upon Mrs. Fiedler's personal assets or the distribution of her assets among her personal creditors. However, I believe these considerations go more to the issue of cause for relief from the stay than to the applicability of the stay in the first instance. A suit against Mrs. Fiedler, in whatever "capacity" is a proceeding against the Debtor as referred to in § 362(a)(1). Therefore, I hold that § 362(a)(1) applies to stay the mechanic's lien litigation against Mrs. Fiedler as personal representative of the estate of Earl Fiedler.

The Court has been unable to find any reported cases dealing with the applicability of the automatic stay to a suit against a representative of a decedent's estate where the representative has filed an individual bankruptcy. However, the case of *In re Foster,* 19 B.R. 28 (Bkrtcy.Pa.1982), supports the conclusions that the stay does apply in a somewhat analogous fact situation. In *Foster* the court held that although a trust is not an "individual" and cannot file for relief under the bankruptcy code, the trustee of the trust can file in his individual capacity. Similarly, it has been held that a probate estate is not entitled to relief under the bankruptcy laws, *In re Brown's Estate,* 16 B.R. 128 (Bkrtcy.D.C. 1981). It follows, from the rationale in the *Foster* case, that though the probate estate cannot be a debtor, the personal representative may be. Thus, the personal representative would be entitled to the protections of the bankruptcy code, including, of course, the automatic stay.

I also find support for the holding that the automatic stay applies to Mrs. Fiedler in her capacity of personal representative from the fact that no exception was provided for this situation in § 362(b). Section 362(b) lists several specific exceptions to the automatic stay. I think it may fairly be assumed that had Congress intended that the stay not apply to personal representatives, it would have fashioned an additional exception.

That Congress considered the application of the stay in this situation is reflected in the legislative history to § 362. In discussing the causes for relief from the stay, it provides:

> The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief but it is not the only cause. As noted above, a desire to permit an action to proceed to completion in another tribunal may provide another cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case .... A probate proceeding in which the debtor is the executor or administrator of another's estate usually will not be related to the bankruptcy case, and should not be stayed.

House Report No. 95–595, 95th Cong. 1st Sess. (1977) 343–4; *cf* Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) 52–3, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6300.

■ The legislative history quoted above seems to assume that the stay does apply where the debtor is representing an estate, but it also implies that cause for relief from the stay is easily demonstrated in these cases. So I find in the case before me. The suit against Mrs. Fiedler, *in her capacity as personal representative* has little or no connection to her personal bankruptcy. As was noted above, a finding of liability against Mr. Fiedler's estate will not directly affect Mrs. Fiedler's assets or the payment to her creditors. It *may* affect the size of Mr. Fiedler's estate and Mrs. Fiedler's beneficial interest therein which in turn *may*

become property of her bankruptcy estate, but that interest is too tenuous and speculative to justify maintaining the stay in effect.

■ Cause for relief from the stay for the action against Mrs. Fiedler individually is not so easily shown. Unquestionably, this is exactly the type of action to which the stay of § 362(a)(1) is directed. Congress meant to give the debtor some breathing room from pending litigation and to free the debtor of the burden of defending numerous lawsuits in various different forums. However, where the pending state court litigation involves numerous other parties over which this Court's jurisdiction is questionable, where full relief may not be accorded without the presence of all the parties, and where the state court proceedings have progressed to the point where the parties are prepared for trial, cause for relief from the stay exists. *See Matter of Holtkamp,* 669 F.2d 505 (7th Cir.1982); *Schulze v. Schulze,* 15 B.R. 106 (Bkrtcy.S.D. Ohio 1981); *In re Peckinpaugh,* 24 B.R. 99 (Bkrtcy.N.D.Ohio 1982). All these factors are present in the case at hand. Therefore, I find that relief from stay is appropriate and, accordingly, it is

ORDERED that the Complaint for Relief from Stay is granted and the Plaintiff may proceed with its action in state court against Mrs. Fiedler, both in her individual capacity and in her capacity as the personal representative of the estate of Earl Fiedler.