**In re BLARNEY, INC., d/b/a Toner's Bar & Grill, Debtor.**

**BLARNEY, INC., Plaintiff,**

**v.**

**CITY OF SAINT PAUL and State of Minnesota, Department of Revenue, Defendants.**

Bankruptcy No. 4–85–144.
Adv. No. 4–85–34.

United States Bankruptcy Court, D. Minnesota.

June 26, 1985.

Michael C. Black, of Michael C. Black Law Office, Ltd., St. Paul, Minn., for plaintiff.

Neil F. Scott, Sp. Asst. Atty. Gen., St. Paul, Minn., for State of Minn., Dept. of Revenue.

Jerome J. Segal, Asst. City Atty., St. Paul, Minn., for City of St. Paul.

## ORDER GRANTING INJUNCTION

MARGARET A. MAHONEY, Bankruptcy Judge.

The above-entitled matter came on for determination before the undersigned Judge on the basis of stipulated facts. The Plaintiff, a chapter 11 Debtor, is seeking a permanent injunction under 11 U.S.C. § 362(a) to prevent the City of St. Paul from failing to renew or revoke the Debtor's on-sale liquor license, Sunday liquor license, off-sale malt license and entertainment license. The Court has jurisdiction to hear and decide this matter pursuant to 28 U.S.C. §§ 1334 and 157 and Judge Lord's July 27, 1984, Order of Reference.

For the reasons outlined below, I am granting the Debtor, Blarney, Inc., an injunction during the pendency of this chapter 11 case against the Defendants City of St. Paul and State of Minnesota, Department of Revenue.

## STIPULATED FACTS

1. Blarney, Inc., hereinafter called Debtor, is a corporation organized and existed under the laws of the State of Minnesota, with its principal place of business at 719 North Dale Street, St. Paul, Minnesota.

2. Defendant City of St. Paul is a Municipal (sic) corporation existing and operating pursuant to the Statutes of the State of Minnesota, and the City Charter of the City of St. Paul.

3. That Defendant State of Minnesota, Department of Revenue, is an agency of the State of Minnesota charged with the collection and enforcement of taxes, penalties and interest owing to that State, including sales taxes and income withholding taxes.

4. On January 28, 1985, Debtor filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota, Fourth Division.

5. Prior to and since the filing of the chapter 11 petition herein, Debtor has been engaged in the business of retail sale of food and liquor at its business location in St. Paul, Minnesota. In connection with that business, Debtor holds four licenses issued by the City of St. Paul, including an on-sale liquor license, Sunday liquor license, off-sale malt license and entertainment license.

6. All licenses issued by the City of St. Paul were to expire by their terms on January 31, 1985. Debtor applied for renewal of all said licenses prior to their expiration.

7. Debtor has failed to remit to the State of Minnesota, Department of Revenue, as required by Minnesota Statutes, Chapter 297A, sales tax collected from its customers prior to the filing of the petition in this matter, in the sum of $36,084.65. By certified letter dated January 9, 1985, Debtor was advised by the license inspector for the City of St. Paul that, pursuant to the terms of Minnesota Statutes, Section 270.72, subd. 1, that (sic) the license inspector would recommend that the St. Paul City Council deny the renewal of Debtor's licenses. Defendant City of St. Paul is prohibited by said Statute from renewing Debtor's business licenses based upon the failure of Debtor to obtain a tax clearance

from the Department of Revenue, State of Minnesota. The proposed failure to renew Debtor's licenses is based entirely upon Debtor's failure to meet the tax clearance requirement. Debtor has otherwise complied with all other procedural requirements imposed by ordinance and statute for the purpose of obtaining renewal of its business licenses.

8. That the liquor license held by Debtor is a valuable asset of its estate, the transferability of which is conditioned upon approval by the St. Paul City Council. In the event that Debtor's liquor license is not renewed, Debtor would be unable to operate its business.

9. The Defendant State of Minnesota, Department of Revenue, voluntarily dismissed its counterclaim in this proceeding with prejudice solely as to this proceeding.

## DISCUSSION

■ A permanent injunction may be granted when equity demands it. The court is vested with very broad discretionary power in determining when such relief is warranted. *Lemon v. Kurtzman,* 411 U.S. 192, 93 S.Ct. 1463, 1469, 36 L.Ed.2d 151, (1973). Typically, the court must balance the equities and determine what hardships may be imposed on the various parties depending on the Court's decision. *Hecht Co. v. Bowles,* 321 U.S. 321, 329–330, 64 S.Ct. 587, 592, 88 L.Ed. 754 (1944).

■ In this case, a permanent injunction is warranted. If the State of Minnesota and the City of St. Paul are allowed to refuse to renew or to revoke Debtor's licenses, the harm to the Debtor will be irreparable. It will be out of business. If

the injunction is granted, the State will not receive prepetition taxes until a plan has been confirmed but this harm is not irreparable. The City will not be harmed at all.

The grounds upon which the Debtor requests the injunction are twofold:

1) 11 U.S.C. § 362(a) stays the proceedings of the State and City to revoke or refuse renewal of Debtor's licenses.

2) 11 U.S.C. § 525 prevents a governmental unit from revoking or refusing to renew a license of a debtor solely because the debtor has filed for bankruptcy protection, or solely because the debtor was insolvent before or during the bankruptcy case, or solely because the debtor has not paid a debt which is dischargeable.

I believe that the injunction is appropriate under 11 U.S.C. § 362(a) and therefore do not need to reach the § 525 issues.

■ Under section 362(a) of the Bankruptcy Code, all judicial and other proceedings against the debtor are generally stayed upon the filing of a bankruptcy petition,[1] unless excepted from such stay pursuant to section 362(b). The record herein indicates that on January 30, 1985, a public hearing was held by the St. Paul City Council at which the Plaintiff was represented by counsel. The apparent sole purpose of the hearing was to determine whether the Plaintiff's licenses should be renewed. Moreover, Minn.Stat. § 270.72, subd. 3, explicitly provides that where an applicant's license renewal is withheld for reason of nonpayment of taxes, penalties, or interest, after notice to such applicant, a contested case hearing must be held upon the applicant's written request.[2] I am satisfied that

---

1. Section 362(a) provides in pertinent part that the filing of a bankruptcy petition operates as a stay, applicable to all entities, of—

the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1) (1984).

2. Section 270.72, subd. 3 provides:

If the commissioner notifies a licensing authority pursuant to subdivision 1, he must send a copy of the notice to the applicant. In the case of the renewal of a license if the applicant requests, in writing, within 30 days of the receipt of the notice a hearing, a contested case hearing must be held. The hearing must be held within 45 days of the date the commissioner refers the case to the office of administrative hearings. The hearing must be held under the procedures provided by

both the circumstances of this case as well as the procedure contemplated by the statutory language constitute a proceeding against the debtor pursuant to 11 U.S.C. § 362(a)(1).

■ Section 362(b)(4), however, excepts from the automatic stay provided for under section 362(a)(1) "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. § 362(b)(4) (1982). Therefore, whether the proceeding for nonrenewal of the Plaintiff's licenses is stayed by section 362(a)(1) depends on whether the action taken by the Defendants was to enforce the state's police or regulatory power.

While no court in this district appears yet to have interpreted the breadth of the section 362(b)(4) exception, the Eighth Circuit Court of Appeals has held that "the term 'police or regulatory power' refers to the enforcement of state laws affecting health, welfare, morals, and safety, but not regulatory laws that directly conflict with the control of the *res* or property by the bankruptcy court." *State of Missouri v. United States Bankruptcy Court*, 647 F.2d 768, 776 (8th Cir.1981), *cert. denied*, 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982). Adopting a narrow construction of section 362(b)(4), which limits the reach of that section to state health, welfare, morals, and safety laws, the court of appeals interpreted that statutory exception in a manner consistent with the existing legislative history on this matter. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.

News 5787, 5963, 6299; 124 Cong.Rec. H11089, *reprinted in* 1978 U.S.Code Cong. & Ad.News 6436, 6444–45 (statement of Rep. Don Edwards).

Furthermore, as the section 362(b)(4) exception relates to proceedings concerning nonrenewal or revocation of liquor licenses for reason of tax delinquency, courts addressing the issue have found it inapplicable. Those courts based their decisions on the determination that the proceedings at issue therein related primarily to matters other than state health, welfare, morals, and safety concerns. *See, e.g., In re William Tell II, Inc.*, 38 B.R. 327, 11 C.B.C.2d 235 (N.D.Ill.1983); *In re Pizza of Hawaii, Inc.*, 12 B.R. 796 (Bktcy.D.Hawaii 1981). *Cf. In re Geffken*, 43 B.R. 697, 12 B.C.D. 406 (Bktcy.N.D.Ohio 1984) (involving action to enjoin debtor from operation of business based on nonpayment of workers' compensation premiums); *In re Gencarelli*, 14 B.R. 751 (Bktcy.D.R.I.1981) (involving revocation of liquor license due to debtor's failure to remain open for business the statutorily mandated number of hours per day).

Based upon these decisions, and upon the plain reading of the state statute,[3] I am sufficiently persuaded, based upon the facts, that Minn.Stat. § 270.72 was enacted for the primary purpose of protecting the state's pecuniary interests, and not its health, welfare, morals, or safety concerns.

ACCORDINGLY, IT IS ORDERED that:

1. The State of Minnesota, Department of Revenue and City of St. Paul are enjoined during the pendency of this chapter 11 case except upon further order of the Court from refusing to renew and from revoking Debtor's on-sale liquor license,

---

section 270A.09 and the administrative rules promulgated under chapter 270A.
Minn.Stat. § 270.72, subd. 3 (1984).

**3.** Minn.Stat. § 270.72, subd. 1, provides:
The state or a political subdivision of the state may not issue or renew a license for the conduct of a profession, trade, or business, if the commissioner notifies the licensing authority that the applicant owes the state delinquent taxes, penalties, or interest. The commissioner may not notify the licensing authority unless the applicant taxpayer owes $1,000

or more in delinquent taxes. A licensing authority that has received a notice from the commissioner may issue or renew the applicant's license only if (1) the commissioner issues a tax clearance certificate and (b) the commissioner or the applicant forwards a copy of the clearance to the authority. The commissioner may issue a clearance certificate only if the applicant does not owe the state any uncontested delinquent taxes, penalties, or interest.
Minn.Stat. § 270.72, subd. 1 (1984).

Sunday liquor license, off-sale malt license and entertainment license by reason of Debtor's failure to obtain a tax clearance from the State of Minnesota, Department of Revenue.