**In re Gary Lee PARKINSON, Debtor.**

**Bankruptcy No. 87–80504.**

United States Bankruptcy Court, C.D. Illinois.

Jan. 6, 1988.

**142**

James S. Brannon, Peoria, Ill., for debtor.

Karen G. Cheesman, Sherrard, Ill., pro se.

## OPINION AND ORDER

**WILLIAM V. ALTENBERGER,**
Bankruptcy Judge.

This matter came on at the preliminary hearing for the plaintiff's request for relief from automatic stay so that she could proceed in state court against the debtor and other defendants in a state court action that has been pending for many years prior to the debtor filing his petition in bankruptcy.

Allowing a matter to proceed in another forum may constitute "cause" for relief from the stay provided for in Section 362(d)(1) and the court's determination to grant relief for that reason is clearly within its discretion. *In re Valley Kitchens, Inc.,* 58 B.R. 6 (Bkrtcy.S.D.Ohio 1985). In making such a determination, courts have employed a balancing test—weighing the interest of the estate against the hardships that will be incurred by the creditor-plaintiff. *In re Bock Laundry Mach. Co.,* 37 B.R. 564 (Bkrtcy.1984). The court in *Bock* stated:

> "[T]he test is whether or not: a) any 'great prejudice' to either the bankruptcy estate or the debtor will result from continuation of the civil suit, b) the hardship to the plaintiff by maintenance of the stay considerably outweighs the hardship to the debtor, and c) the creditor-plaintiff has a probability of prevailing on the merits of his case.

In prior decisions, the Courts have considered a variety of factors which affect the balancing of the interests. Of predominant importance in these decisions have been the hardships to the plaintiff of protracted litigation and the expense of time and money to the Debtor–in–Possession in defending these actions. A number of Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships. The opinions reflect that the Courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding. They have also considered as significant the judicial economy of continuing existing actions rather than beginning the suit anew in another forum.

The Courts have not, however, ascribed much significance to the fact that the debtor will be required to participate in their defense, especially when the debtor's insurer is obligated to provide counsel. This position has been sustained despite the fact that the debtor was uninsured and was required to assume the costs of his own defense. Although one Court has held that the cost and time barriers of continued litigation were sufficient so as to justify a maintenance of the stay, the exceptional enormity of that case mandated a conclusion different than those in prior decisions. (Citations omitted.)"

Another factor which Courts have considered is whether the debtor has engaged in some morally culpable conduct. *In re Stranahan Gear Co., Inc.,* 67 B.R. 834 (Bkrtcy.E.D.Pa.1986).

The plaintiff's state court action against the debtor was commenced in 1981. She has incurred significant legal expenses and presumably, the litigation has progressed. Separating the actions against the debtor and the other defendants might lead to attempts by each defendant to shift the blame to the other and thereby deny plaintiff any relief. As the court noted in *In re Fiedler,* 34 B.R. 602 (Bkrtcy.1983):

> "Congress meant to give the debtor some breathing room from pending litigation and to free the debtor of the burden of defending numerous lawsuits in various different forums. However, where the

pending state court litigation involves numerous other parties over which this Court's jurisdiction is questionable, where full relief may not be accorded without the presence of all the parties, and where the state court proceedings have progressed to the point where the parties are prepared for trial, cause for relief from the stay exists. *See Matter of Holtkamp*, 669 F.2d 505 (7th Cir. 1982)."

Similarly, in *In re Yaffe*, 58 B.R. 26 (Bkrtcy.D.Dist.Col.1986), a case involving an action brought by a creditor against the defendant and other parties, the court lifted the stay. The court said:

"It seems to the Court that the better course by far is to allow the Superior Court case to proceed to trial first. That trial will have to be held as to all other parties regardless of what happens with Yaffe, so there will only be a minimal extra burden on that Court and on the other parties. Yaffe can probably minimize his own litigation expenses in the Superior Court case by relying on his co-defendants to shoulder most of the defensive burden, at least where their interest coincide. If Yaffe is found not liable in the Superior Court case, then questions of discharge and dischargeability will become moot, and no further proceedings in this Court will be necessary, thus saving the parties and this Court the burden of that extra litigation.

Although under 11 U.S.C. Section 523(a), (b) and (c), this Court has exclusive jurisdiction to determine whether a debt is non-dischargeable on the ground that it is a debt 'for willful and malicious injury,' the issues relevant to that determination seem to be rather closely related to issues which might arise in the Superior Court case. It is possible, indeed that a decision on such an issue in that Court could constitute collateral estoppel in a dischargeability proceeding in this Court. For example, if the issue of Yaffe's recklessness is withdrawn from jury consideration, leaving only an issue of negligence, the decision that Yaffe could not be considered reckless would probably be determinative that, *a fortio-*

*ri*, his actions or inactions could not be considered 'willful and malicious.'"

The Court finds that the stay should be lifted to permit the plaintiff to proceed with a single state court action against the debtor and his co-defendants.

IT IS, THEREFORE, ORDERED that the stay is lifted to permit the plaintiff to proceed with her action in state court; provided, however, if the plaintiff is successful with her state court action, she may not attempt to enforce any judgment against the debtor until this Court determines whether the debt owed her by the debtor is dischargeable.