**In re Donna PANAYOTOFF, Debtor.**

**Bankruptcy No. 3–92–31388.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

May 20, 1992.

**510**

Ralph E. Sheffey, Rochester, Minn., for debtor.

Mark R. Johnson, Krause & Rollins, Chartered, Minneapolis, Minn., for respondent Helen S. Panayotoff.

Thomas G. Lovett, Jr., Minneapolis, Minn., Chapter 12 Trustee.

1.  When George Panayotoff died, he and Debtor held title to the real estate as tenants-in-common.

2.  On November 6, 1991, the Sherburne County District Court entered judgment in Respondent's favor for two amounts: $65,000.00 plus interest

## ORDER DETERMINING APPLICABILITY OF AUTOMATIC STAY IN BANKRUPTCY

GREGORY F. KISHEL, Bankruptcy Judge.

This Chapter 12 case came on before the Court on May 4, 1992, for hearing on Debtor's motion, styled as one "for an order to show cause." Upon the moving and responsive documents and the arguments of counsel, the Court makes the following order.

Debtor filed a voluntary petition under Chapter 12 on March 6, 1992. For a number of years before her bankruptcy filing, she and George Panayotoff, her husband, engaged in vegetable and crop farming on approximately 250 acres of land in Sherburne County, Minnesota. George D. Panayotoff died on April 20, 1990. Debtor is the personal representative of his estate, appointed pursuant to the terms of his 1989 will. The estate is currently in probate, in a proceeding pending in the Minnesota State District Court for the Tenth Judicial District. An undivided one-half interest in the Panayotoffs' farmland is among the assets of the probate estate; Debtor—and now her bankruptcy estate, by virtue of 11 U.S.C. § 1141(a)—holds the other undivided one-half interest.[1]

Respondent is George Panayotoff's surviving mother. She is a creditor both of Debtor personally, and of the George Panayotoff probate estate.[2] Debtor included an entry for Respondent, care of her attorney, on her Schedule F, and included them on her bankruptcy case matrix. The clerk of this Court transmitted a notice of the commencement of this case to them. Respondent's counsel personally appeared at the meeting of creditors on April 9, 1992.

On March 30, 1992, Respondent, through counsel, had filed a petition in the probate

and attorney fees, against both Debtor and the probate estate, jointly and severally, in recovery on a promissory note; and $20,000.00 plus interest, against the probate estate alone, in recovery on two unsatisfied loans.

proceedings, in which she sought an order removing Debtor as personal representative, appointing a successor personal representative, and directing the successor personal representative to dispose of all assets in the probate estate. On April 8, 1992, the state court entered an order and notice of hearing on the petition. Respondent's counsel served the order and petition on Debtor by a mailing made on April 9, 1992.

■ Respondent's recent actions in the probate proceeding are the subject of the present motion. As clarified at the hearing, Debtor seeks an order declaring that the automatic stay was applicable to acts or proceedings such as Respondent's petition in the probate proceeding, and that Respondent's prosecution of it was in violation of the stay.[3] Respondent's counsel vigorously opposed the request. In the main, he argued that the petition for removal of Debtor as personal representative, standing alone, did not and could not affect the assets of Debtor's bankruptcy estate and, hence, 11 U.S.C. § 362(a) did not restrain his client from prosecuting it. Both counsel gave considerable attention in brief and argument to the abstruse question of whether a debtor's status as the personal representative of a probate estate is itself a property interest which could pass into a bankruptcy estate and then be subject to the protections of the automatic stay. This, however, misidentifies the issue, and makes it more involved than the Bankruptcy Code warrants.

The outcome of this motion is apparent from the face of 11 U.S.C. § 362(a)(1):

(a) Except as provided in subsection (b) of [§ 362], a petition filed under [11 U.S.C. §§] 301, 302, or 303 ... operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code] ... *or* to recover a claim against the debtor that arose before the commencement of the case under [the Bankruptcy Code] ...

(emphasis added).

■ The language of this provision is about as clear as one could reasonably want, and about as broad as Congress could have provided.[4] Simply stated, it creates a restraint and injunction against *any* judicial proceeding against a debtor in bankruptcy. *In re Joe DeLisi Fruit Co.,* 11 B.R. 694, 696 (Bankr.D.Minn.1981). This injunction lies unless one of the specific exceptions of 11 U.S.C. § 362(b) is applicable. *In re Blarney, Inc.,* 53 B.R. 162, 164 (Bankr.D.Minn.1985). It is crucial that the language of the two phrases which qualify the term "judicial, administrative, or other action or proceeding against the debtor," is in the disjunctive. This establishes that the scope of this stay is not limited to proceedings for a monetary recovery against the debtor. Further, there is no qualifying language which limits the stay to judicial actions or proceedings brought against an individual in her personal capacity, or to those brought by a creditor against her in her status as the obligor in a debtor-creditor relationship.[5]

---

**3.** Debtor's counsel formally styled his client's written motion as one seeking the issuance of an order to show cause to Respondent and her attorneys; the order to show cause, in turn, was to require them to show why they were not in contempt of the automatic stay when they commenced the current probate court proceeding. There was no real reason to hold a preliminary hearing on the technical question of whether an order to show cause should issue; counsel consented to collapsing the procedure so the Court could reach the merits in one hearing.

**4.** The legislative history so provides:
The scope of this paragraph [§ 362(a)(1)] is broad. All proceedings are stayed, including

arbitration, license revocation, administrative, and judicial proceedings. Proceeding in this sense encompasses civil actions as well, and all proceedings even if they are not before government tribunals.

H.R.REP. No. 595, 95th Sess. 1st Sess. 340 (1977); S.REP. No. 989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News, pp. 5787, 5836, 6297.

**5.** The stay restrains a non-creditor governmental agency from commencing license revocation proceedings on the ground that the debtor is delinquent in tax obligations owing to an entirely separate unit of government. *In re Blarney, Inc.,* 53 B.R. at 165. Obviously, such proceed-

Section 362(a)(1), then, stays judicial proceedings brought against a debtor solely in the debtor's capacity as personal representative of a probate estate. *In re Fiedler*, 34 B.R. 602, 603 (Bankr.D.Colo.1983). As the court in *Fiedler* noted, 11 U.S.C. § 362(b) does not contain an exception on point. Thus, until the Bankruptcy Court grants relief from stay pursuant to 11 U.S.C. § 362(d), such actions or proceedings are restrained.[6] 34 B.R. at 603–604. *Contra, In re Estate of Nelson*, 243 Mont. 276, 794 P.2d 677 (1990).[7]

Debtor, then, is entitled to the declaration which she seeks. She did not pray for an award of attorney fees or for the imposition of sanctions against Respondent or her counsel;[8] those issues may be addressed another day, in another proceeding, if Debtor seeks to raise them at all. Too, any discussion of whether Respondent is entitled to relief under § 362(d) is premature—though, in the interests of fixing the nature of the contest between Debtor and Respondent, and of exploring the possibility of a nonadversarial resolution, the Court is ordering a status conference.

IT IS THEREFORE DETERMINED AND ORDERED:

1. That, upon Debtor's bankruptcy filing, the automatic stay of 11 U.S.C. § 362(a) restrained and enjoined all judicial and administrative proceedings against her in her status as personal representative of the estate of George D. Panayotoff, her deceased husband.

2. That, accordingly, the actions of Respondent and Krause & Rollins, Chartered, her attorneys, in filing and prosecuting a petition for Debtor's removal as personal representative, violated the automatic stay of 11 U.S.C. § 362(a)(1).

3. That the Court shall convene a status conference in this case on *June 3, 1992, at 9:00 a.m.* Counsel for Debtor and Respondent, and the Chapter 12 Trustee, shall personally attend the conference and shall be prepared to discuss the status of such matters as the status and allowance of Respondent's claim against the bankruptcy estate; Debtor's proposed treatment of the two estates' respective interests in the same real estate, for the purposes of her plan and the process of her reorganization; and the possibility of resolving the parties'

ings are brought against a debtor-as-licensee, by an entity which does not have a creditor's rights.

6. The legislative history for § 362(d) bears this conclusion out, in an oblique way. As the framers of the Code noted,

> ... a desire to permit an action to proceed to completion in another tribunal may provide another cause [for relief from stay, within the contemplation of 11 U.S.C. § 362(d)(1) ]. Other causes might include the lack of any connection with or interference with the pending bankruptcy case ... A probate proceeding in which the debtor is the executor or administrator of another's estate *usually* will not be related to the bankruptcy case, and thus should not be stayed.

H.R.Rep. No. 595, 95th Cong. 1st Sess 343–344 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 52–53 (1978), U.S.Code Cong. & Admin.News pp. 5787, 5838, 5839, 6299, 6300 (emphasis added). The court in *Fiedler* used this legislative history as authority for granting relief from stay to the holder of a mechanic's lien, so as to allow the continuance of a foreclosure action nominally against the debtor's deceased husband and a non-debtor business partnership owned by the debtor and the decedent. 34 B.R. at 604. Since, apparently, the mechanic's lien lay only against property of the partnership, the *Fiedler* court

reached this conclusion easily. The prosecution of the removal petition in the case at bar would quickly lead to a petition for a partition of the two estates' interests in the same real estate; as a result, the conclusion would not be as perfunctory here.

7. In *Estate of Nelson*, the Montana Supreme Court concluded that a proceeding to remove a debtor as personal representative of a probate estate was not restrained by the bankruptcy stay. The discussion of the issue (one short paragraph on 794 P.2d at 678) was cursory, and somewhat opaque. *Estate of Nelson* is bad authority; its reasoning is conclusory and evasive, and its conclusion is neither self-evident nor supported by the facial language of § 362(a)(1). This Court declines to rely on it as persuasive authority.

8. In uncharacteristically vehement fashion, the Chapter 12 Trustee insisted that an imposition of sanctions was not only warranted but compelled. The Trustee's standing to make this request is unclear, as there is no evidence of record as to the effect that the actions in question had on the estate, if any. In any event, the Trustee's request came only in oral argument, without prior notice, and was not properly before the Court.

competing property claims, short of formal motions by Respondent for relief from stay in this Court, and for substantive relief in the Minnesota state courts.