**In the Matter of CONSOLIDATED INDUSTRIES CORP., Debtor.**

**Bankruptcy No. 98–40533.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

April 29, 1999.

Edward Cardoza, Indianapolis, Indiana, for debtor.

Keith Fafarman, Lafayette, Indiana, for creditor.

### DECISION ON MOTION FOR RELIEF FROM STAY

ROBERT E. GRANT, Bankruptcy Judge.

Pursuant to a lease dated December 12, 1997, Consolidated Industries Corp. leased nonresidential real estate from Steven W. Norfleet and John R. Gambs ("landlords"). On May 28, 1998 Consolidated filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. The debtor has not yet accepted or rejected the lease. Since the case began, the debtor has paid the monthly rent due under the lease, but it has refused to pay that portion of the 1997 real estate taxes which became due and payable on November 10, 1998.[1] The landlords contend that this constitutes a lack of adequate protection. They seek relief from the automatic stay so that they can proceed to evict the debtor and take possession of the leased premises. The issues raised by this motion and debtor's objection thereto have been submitted to the court for a decision based upon stipulations of fact and the briefs of counsel.

Section 7.1 of the lease requires the debtor to "pay the real estate taxes due and payable during the term of this Lease." The landlords contend that the tax bill which came due on November 10, 1998, after the date of the petition, is a post-petition obligation which § 365(d)(3) requires the debtor-in-possession to per-

---

1. The amount of the installment was $50,-587.17

form on a timely basis. The debtor contends that its obligation to pay these taxes arose prior to the petition, so that § 365(d)(3) does not require them to be paid at this time.

Section 365(d)(3) of the United States Bankruptcy Code provides that "[t]he trustee shall timely perform all the obligations of the debtor ... arising from or after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected...." 11 U.S.C. § 365(d)(3). Ever since § 365(d)(3) was enacted, the courts have struggled with trying to identify which of the various obligations that a lease may impose upon a lessee are subject to its requirements and they have become divided over how to determine when a particular obligation arises. The majority has settled upon a proration approach to the issue. This approach focuses upon when debtor's liability to pay a particular charge accrues, rather than looking to the date upon which a bill is issued or when payment is due. If the responsibility to pay accrued prior to the date of the petition,[2] it is an obligation to which § 365(d)(3) does not apply; only when the responsibility to pay accrues after the date of the petition does § 365(d)(3) require timely performance. *See, e.g., In re McCrory Corp.*, 210 B.R. 934 (S.D.N.Y. 1997). A minority follows a billing date approach, which treats an obligation as arising either at the time the bill is issued or when payment is due. *See, e.g., In re Krystal Co.*, 194 B.R. 161 (Bankr. E.D.Tenn.1996).

The Seventh Circuit addressed § 365(d)(3) in *Matter of Handy Andy Home Improvement Centers, Inc.*, 144 F.3d 1125 (7th Cir.1998). The lease in *Handy Andy* required the debtor to pay the real estate taxes which accrued during the term of the lease; but payment was not due until after the tax bill was issued. *Id.*, at 1126. *See also, In re Handy Andy Home Improvement Centers, Inc.*, 196 B.R. 87, 90 & 93 (Bankr.N.D.Ill.1996). The landlord argued that the debtor's obligation to pay taxes did not arise until the date the taxes were due, which was after the date of the order for relief. The Seventh Circuit rejected this argument, in favor of the proration approach. It held that, under the lease, the debtor's obligation for taxes arose on a piecemeal basis and accrued for every day the lease was in force. *Id.*, 144 F.3d at 1127. Consequently, the tax liability accruing on account of the days before the order for relief arose prior to that date. Only the liability accruing on account of the days after the order for relief represented obligations which § 365(d)(3) required to be performed.

*Handy Andy* is controlling. That does not mean, however, that the outcome in this case must be the same. The facts here are readily distinguishable from those presented to the Seventh Circuit. In *Handy Andy*, the lease required the debtor to pay the taxes which *accrued* during the lease and, if the lease ended during rather than at the end of a tax period, the taxes were to be prorated between the parties. Thus, Handy Andy's obligation to pay real estate taxes arose each day the lease was in effect. Here, however, the lease provides that the debtor "shall pay the real estate taxes due and payable during the term of this Lease." Under the terms of this debtor's lease, the obligation to pay real estate taxes is triggered, not by the day or days for which taxes accrue, but instead, by the date they become "due and payable".

█ For the purposes of § 365(d)(3), the first step in determining whether a particular obligation arises "from or after

---

2. In voluntary cases, the date of the petition is the date of the order for relief. 11 U.S.C. § 301. It is only in involuntary cases that there will be a difference between the date the petition is filed and the date relief is ordered. Since most cases begin with a voluntary petition, the terms "date of the order for relief" and "date of the petition" are often used interchangeably.

the order for relief" is to consult the terms of the lease. *See Handy Andy*, 196 B.R. at 93. If an obligation to pay arose prior to the date of the petition, it is not one the debtor must perform, even though the date upon which payment is due may come after the date of the petition. A convenient way of conceptualizing the issue is to ask whether, as of the date of the petition, debtor's liability to pay a particular obligation had already attached so that, if the lease had ended on that date, the obligation in question would have been a claim against the debtor. If so, § 365(d)(3) does not require it to be performed. If, however, the obligation would not represent a claim had the lease terminated on the date of the petition. § 365(d)(3) requires performance until the lease is assumed or rejected.

■ Under the terms of this lease, the obligation to pay the taxes due on November 10, 1998 did not, as debtor argues, arise prior to that date.[3] If the lease had terminated of its own accord on May 28, 1998, the debtor would not have been liable for any portion of those taxes and its landlords could not have asserted a claim for them. Consequently, the responsibility to pay the real estate taxes due on November 10, 1998 accrued after the order for relief and § 365(d)(3) requires the debtor-in-possession to timely perform that obligation.[4] *Accord, In re Duckwall–ALCO Stores, Inc.*, 150 B.R. 965 (D.Kan.1993) (where lease required tenant to pay only the tax installments falling due during the term of the lease, the obligation arose on the due date).

■ The landlords contend that debtor's failure to pay the real estate taxes entitles them to relief from the automatic stay. The stay may be terminated or modified for "cause". 11 U.S.C. § 362(d)(1). Whether there is sufficient cause to do so is a matter committed to the bankruptcy court's discretion. *Matter of Holtkamp*, 669 F.2d 505, 507 (7th Cir. 1982); *In re Parkinson*, 102 B.R. 141, 142 (Bankr.C.D.Ill.1988). This determination is made on a case-by-case basis. *In re Robbins*, 964 F.2d 342, 345 (4th Cir.1992). In considering the question,

> the bankruptcy court must balance the inherent hardships on all parties and base its decision on the degree of hardship and the overall goals of the Bankruptcy Code. In considering whether "cause" exists to modify the stay, the court must look at the totality of the circumstances. *In re Cardinal Industries, Inc.*, 116 B.R. 964, 983 (Bankr. S.D.Ohio 1990) (*quoting In re Opelika Mfg. Corp.*, 66 B.R. 444, 449 (Bankr. N.D.Ill.1986)).

■ In this case, relief from the automatic stay is not warranted at the present time. Since the case was filed, the debtor has dutifully made all of the monthly rental payments due its landlords. Its failure to pay the real estate taxes in question was based upon a good faith argument that it was not required to do so. More importantly, the cause of the landlords' complaint is a situation that can easily be rectified. Under these circumstances, granting them relief from the automatic stay, so that they may proceed to evict the debtor from its corporate offices and manufacturing facilities, would be a too harsh a consequence for the debtor's decision to litigate a legitimate dispute over its obligations under § 365(d)(3).

---

**3.** To the extent debtor seems to argue that its liability for the payment of these taxes was clear from the time the lease was executed and, thus, represents an obligation that arose prior to the date of the petition, the court rejects it. Such an approach would eviscerate § 365(d)(3) because, in a very real sense, a lessee becomes liable for all of its obligations under any lease on the date the lease is executed. If that were the operative date, there could never be an obligation which § 365(d)(3) would require to be performed.

**4.** Although the court is following the proration approach, this case presents one of those situations in which both the proration approach and the billing date approach produce the same result.

The motion for relief from stay will be denied; provided however, that the debtor shall, within twenty-one (21) days, pay all amounts now due on account of the installment of real estate taxes which was originally due and payable on November 10, 1998. If the lessors have paid that installment, debtor shall, within that same time, reimburse them for the amounts paid. An appropriate order will be entered.