780 So.2d 934 (2001)
Robert M. CARVER, Appellant,
v.
Lori MOODY, Appellee.
No. 1D00-3993.
District Court of Appeal of Florida, First District.
February 9, 2001.
Rehearing Denied March 6, 2001.
Samuel Hankin of Hankin & Hankin, Gainesville, for appellant.
*935 William E. Whitley, High Springs, for appellee.

ORDER STAYING APPEAL
PER CURIAM.
In this appeal, Robert M. Carver, as personal representative of his son's estate, challenges the trial court's order setting aside a 1997 order of discharge and reopening the estate for subsequent administration. After filing this appeal, Carver filed a personal petition in bankruptcy. Lori Moody, appellee, seeks a determination of whether the automatic stay under the bankruptcy code applies to this appeal. The issue presented is whether the automatic bankruptcy stay provided for in Title 11 U.S.C. § 362(a) applies to the appellant continuing to act as the personal representative of an estate. We answer the question in the affirmative and, accordingly, stay this appeal.
Carver's five-year-old son was killed in an automobile accident in 1994. Carver was appointed the personal representative of his son's estate. In that capacity, Carver filed a wrongful death action against the driver of the other car. That case was settled for $460,000. Carver then filed a motion for apportionment and discharge in the probate case. He sought 100% apportionment of the estate, asserting that the child's mother, appellee Moody, had abandoned the son shortly after birth, that Carver had raised the child alone without Moody's support, and that Moody could not be located. An order of discharge issued in 1997. The order does not indicate whether Carver received the estate as he had requested.
At some point Moody learned of the child's death and in 1999 she petitioned the probate court to reopen the estate, seeking to compel Carver to pay to her inheritance and wrongful death damages. The court found that Carver had failed to strictly comply with the requirements of substitute service on Moody. On September 12, 2000, the probate court set aside the order of discharge and reopened the estate for subsequent administration. Carver has taken this appeal from that order.
After the estate was reopened, Carver filed a petition for Chapter 13 relief in the bankruptcy court on October 12, 2000. The names of the debtors listed in the bankruptcy petition are Robert M. Carver, Mary J. Carver, and Bob's Family Video. There is no reference in the bankruptcy petition to Carver as personal representative of the estate of the child.
Moody now seeks clarification of the effect the automatic stay in bankruptcy would have on this appeal. Noting that the probate action below is an "in rem proceeding," Moody asserts that Carver has objected to the appointment of an administrator ad litem in the probate proceeding and that his demand to continue serving as the personal representative is inconsistent with his protection under the bankruptcy stay. In light of this court's ruling in Taylor v. Barnett Bank of North Central Florida, N.A., 737 So.2d 1105 (Fla. 1st DCA 1998), Moody requests a determination of whether the automatic stay of the bankruptcy code applies in this appellate proceeding from the probate action. In Taylor, this court stated that the automatic stay under section 362(a)(1) applied whether the debtor is an appellant or an appellee. There, however, Taylor was the debtor individually and appeared in the litigation as an individual, not in any representative capacity.
Carver argues that the automatic stay is not violated because the appeal was brought by him in his representative capacity and not individually as the debtor.
Even if Carver is not acting in his individual capacity in this appeal, we determine that the automatic stay provision applies in cases in which the debtor is acting as the personal representative of an estate. We find persuasive the opinion of the bankruptcy court in In re Panayotoff, 140 B.R. 509 (Bankr.D.Minn.1992). In Panayotoff, the bankruptcy court ruled that the automatic stay provision of section *936 362(a)(1) did apply to an estate proceeding where the debtor was serving as the personal representative. The bankruptcy court explained that the stay provision of section 362(a)(1) was
about as clear as one could reasonably want, and about as broad as Congress could have provided. Simply stated, it creates a restraint and injunction against any judicial proceeding against a debtor in bankruptcy. In re Joe DeLisi Fruit Co., 11 B.R. 694, 696 (Bankr. D.Minn.1981). This injunction lies unless one of the specific exceptions of 11 U.S.C. § 362(b) is applicable. In re Blarney, Inc., 53 B.R. 162, 164 (Bankr. D.Minn.1985). It is crucial that the language of the two phrases which qualify the term "judicial, administrative, or other action or proceeding against the debtor," is in the disjunctive. This establishes that the scope of this stay is not limited to proceedings for a monetary recovery against the debtor. Further, there is no qualifying language which limits the stay to judicial actions or proceedings brought against an individual in her personal capacity, or to those brought by a creditor against her in her status as the obligor in a debtorcreditor relationship. Section 362(a)(1), then, stays judicial proceedings brought against a debtor solely in the debtor's capacity as personal representative of a probate estate. In re Fiedler, 34 B.R. 602, 603 (Bankr.D.Colo.1983). As the court in Fiedler noted, 11 U.S.C. § 362(b) does not contain an exception on point. Thus, until the Bankruptcy Court grants relief from stay pursuant to 11 U.S.C. § 362(d), such actions or proceedings are restrained. 34 B.R. at 603-604.
Panayotoff, 140 B.R. 509, 511-512. Footnote 6 in Panayotoff is particularly instructive as to the legislative intent of section 362(d) relating to the lifting of the stay in cases in which the debtor is the fiduciary of an estate. In concluding that the stay did apply, the court discussed the section's legislative history, as follows:
The legislative history for § 362(d) bears this conclusion out, in an oblique way. As the framers of the Code noted,
... a desire to permit an action to proceed to completion in another tribunal may provide another cause [for relief from stay, within the contemplation of 11 U.S.C. § 362(d)(1)]. Other causes might include the lack of any connection with or interference with the pending bankruptcy case ... A probate proceeding in which the debtor is the executor or administrator of another's estate usually will not be related to the bankruptcy case, and thus should not be stayed.
H.R.REP. No. 595, 95th Cong. 1st Sess 343-344 (1977); S.REP. No. 989, 95th Cong., 2d Sess. 52-53 (1978), U.S.Code Cong. & Admin.News pp. 5787, 5838, 5839, 6299, 6300 (emphasis added).
The court in Fiedler used this legislative history as authority for granting relief from stay to the holder of a mechanic's lien, so as to allow the continuance of a foreclosure action nominally against the debtor's deceased husband and a nondebtor business partnership owned by the debtor and the decedent. 34 B.R. at 604. Since, apparently, the mechanic's lien lay only against property of the partnership, the Fiedler court reached this conclusion easily. The prosecution of the removal petition in the case at bar would quickly lead to a petition for a partition of the two estates' interests in the same real estate; as a result, the conclusion would not be as perfunctory here.
Panayotoff, 140 B.R. 509, 512 n. 6.
We agree that the legislative history to section 362(d) suggests that, where the debtor is the executor or administrator of another's estate, a party is required to obtain relief from the automatic stay pursuant to 11 U.S.C. § 362(d). See also, In re Molitor 183 B.R. 547 (Bankr.E.D.Ark. 1995). Finally, it does not appear that any *937 of the section 362(b) exceptions to the stay apply here.
Accordingly, until the bankruptcy court grants relief from the stay, this appeal shall be stayed pursuant to section 362(a)(1) pending further order of this court. The appellant shall file a status report with this court no later than June 1, 2001. If the bankruptcy stay is lifted before that date, appellant shall immediately advise this court.
VAN NORTWICK, BROWNING, and POLSTON, JJ., concur.