**In re PIZZA OF HAWAII, INC., Debtor.**

**PIZZA OF HAWAII, INC., Plaintiff,**

v.

**DEPARTMENT OF TAXATION, STATE OF HAWAII, and Honolulu Liquor Commission, Defendant.**

**Bankruptcy No. 81–0074.**

United States Bankruptcy Court, D. Hawaii.

July 15, 1981.

Susan T. Sato, Honolulu, Hawaii, for Liquor Commission.

Larry Kumabe, Honolulu, Hawaii, for Dept. of Taxation.

James Duca, Honolulu, Hawaii, for debtor.

## FINDINGS OF FACT AND CONCLSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

On June 26, 1981, Pizza of Hawaii, Inc. filed its Complaint, together with a Motion for Temporary Restraining Order and Motion For Preliminary Injunction. This Court granted the Temporary Restraining Order on June 26, 1981. A hearing on the Motion for Preliminary Injunction was held on July 6, 1981, at which time Pizza of Hawaii, Inc. was represented by James N. Duca, the Honolulu Liquor Commission by Susan Tamura Sato and the Department of Taxation, State of Hawaii, by Larry Kumabe. Based upon the evidence adduced, the memoranda and records filed herein and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Pizza of Hawaii, Inc. hereafter "Debtor", is a corporation organized and existing under the laws of the State of Hawaii, with its principal place of business in the City and County of Honolulu.

2. Defendant Honolulu Liquor Commission, hereafter "Liquor Commission", is an agency of the City and County of Honolulu having authority over the issuance and renewal of licenses for the sale of beer, wine and liquor in the City and County of Honolulu, pursuant to Chapter 281, Hawaii Revised Statutes.

3. Defendant Department of Taxation, State of Hawaii, hereafter "Department of Taxation", is an agency of the State of Hawaii charged with the collection and enforcement of taxes, penalties, or interest owing to that State, and the administration of Section 231–28, Hawaii Revised Statutes.

4. On October 1, 1980, Debtor filed a Petition under Chapter 11 of the Bankruptcy Code (Title 11, U.S.C.) in the United States Bankruptcy Court for the District of Hawaii.

5. Prior to and since the filing of the Chapter 11 petition herein, Debtor has been engaged in the business of the sale of food and beverages through three locations in

the City and County of Honolulu. In connection with that business, Debtor sells beverages requiring a license under Chapter 281, Hawaii Revised Statutes, and the rules and regulations of the Liquor Commission.

6. On June 30, 1981, the license issued by the Liquor Commission would have expired unless renewed.

7. Prior to June 30, 1981, Debtor applied for a renewal of its liquor license. Because of its financial difficulties, Debtor has been delinquent in its payment of taxes to the State of Hawaii in the sum of approximately $120,000.00. Thus, Debtor was advised that pursuant to the terms of Section 231–28, Hawaii Revised Statutes, the Liquor Commission would not renew the license of Debtor unless a tax clearance was issued by the Department of Taxation. No other reason was given by the Liquor Commission for denial of the renewal of the license.

8. Upon application by Debtor on June 26, 1981, this Court executed a Temporary Restraining Order, enjoining the Liquor Commission from imposing as a requirement for the renewal of a liquor license, a tax clearance from the State of Hawaii.

9. The uncontradicted testimony of the vice-president of Debtor was that the expiration and non-renewal of the liquor license would effectively prevent any bankruptcy reorganization of Debtor. It would cause irreparable injury to Debtor in the form of the loss or diminution of its valuable good will, the loss of the most profitable portion of its business operations, and the loss of its customers to competitive businesses. Even the temporary loss of the privilege of selling beer, wine and liquor would irreparably harm the Debtor by creating customer dissatisfaction and an appearance of business instability and impermanence.

10. The Liquor Commission contends that the automatic stay of Section 362 of the Bankruptcy Code does not apply in this case for the reason that there is no proceeding before the Liquor Commission.

11. The Liquor Commission also contends that even if there is a proceeding, the automatic stay does not apply because in denying a renewal of the liquor license without a State tax clearance, it is acting under a governmental police and regulatory power.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter of this proceeding by virtue of 28 U.S.C. Section 1471.

2. This Court finds that the liquor license is necessary for the successful rehabilitation of Debtor.

3. Section 362(a)(1) of the Code provides as follows:

(a) Except as provided in subsection (b) of this section a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

4. The automatic stay is one of the fundamental protections afforded a debtor by the Bankruptcy Code. It gives the debtor an opportunity to attempt a repayment or reorganization plan.

5. The Liquor Commission contends that Section 362(a)(1) is not applicable in this case because there is no pending proceeding related to the renewal of Debtor's liquor license. It contends that since Debtor's renewal application had been accepted by the Commission subject only to receipt of the State tax clearance, there is no proceeding against the Debtor to be stayed.

6. This Court finds that there is a proceeding against the Debtor. The Commission, relying on Hawaii Revised Statutes § 231–28, is requiring the Debtor to submit a State tax clearance before it will issue a renewal of Debtor's liquor license. Debtor contends that it cannot presently pay in full the delinquent state taxes, penalties and interest. Thus, it requests that the Commission be prohibited from requiring Debtor to present a State tax clearance before it (Liquor Commission) issues its license re-

newal. Since the Liquor Commission requires that Debtor submit a State tax clearance before it issues a renewal of the liquor license, this Court finds that there is a proceeding before the Liquor Commission to which Section 362(a)(1) is applicable.

7. The Liquor Commission contends that even if this Court finds that there is a proceeding before the Commission, the exception to the automatic stay found in Section 362(b)(4) applies in this case. The exception is as follows:

> (b) the filing of a petition under section 301, 302 or 303 of this title does not operate as a stay—
>
> \* \* \* \* \* \*
>
> (4) Under subsection (a)(1) this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

8. In discussing the intent of Congress in enacting Section 362(b)(4) the Honorable Don Edwards, chairman of the Subcommittee on Civil and Constitutional Rights of the House Committee of the Judiciary, stated:

> "Section 362(b)(4) indicates that the stay under Section 362(a)(1) does not operate to affect the commencement or continuation of an action or proceeding by a governmental unit to enforce the governmental unit's police or regulatory power. This Section is intended to be given a narrow construction in order to permit governmental units to pursue to protect the health and safety and not to apply to actions by a governmental unit to protect the pecuniary interest in property of the debtor or property of the estate. (124 Congressional Record HI 1089, 11C U.S. Code Congressional Administrative News 660–61 [December 1978])".

See *King Memorial Hospital, Inc., et al. v. Department of Health*, 4 B.R. 704, 2 C.B. C.2d 639 (Bkrtcy.S.D.Fla.1980).

■ 9. An analysis of Hawaii Revised Statutes § 231–28 shows that it refers to the requirement of the payment of delinquent taxes owed the State of Hawaii before a Liquor Commission may issue a liquor license. The Court finds that Hawaii Revised Statutes § 231–28 does not in any way deal with the preservation of the health, safety or welfare of the public. Thus this Court finds that the exception to the automatic stay is not applicable in this case.

■ 10. The Court further finds that under Section 105 of the Bankruptcy Code, the Liquor Commission may be enjoined by this Court from requiring Debtor to present a State tax release before it renews Debtor's liquor license. Section 105 states:

> (a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11. Under Section 105, this Court has the authority to issue a stay or injunction to carry out the provisions of the Code. Because this Court has found that the liquor license is necessary for the successful rehabilitation of the Debtor, this Court concludes that Debtor is entitled to an injunction prohibiting the Liquor Commission from requiring a State tax clearance from the Debtor before it issues a renewal of the liquor license.

An Order will be signed upon presentment.