In re Sidney GREENWALD d/b/a Maple Leaf Nursing Home, Debtor.

Sidney GREENWALD d/b/a Maple Leaf Nursing Home, debtor in possession, Plaintiff,

v.

David AXELROD, M.D., as Commissioner of the New York State Department of Health, et al., Defendants.

Bankruptcy No. 81 B 20402.
82 Adv. 6101.

United States Bankruptcy Court, S.D. New York.

Nov. 25, 1983.

---

Marvin L. Tenzer, P.C., New York City, for debtor.

Robert Abrams, Atty. Gen., New York City, for Com'r of N.Y. State Dept. of Health; Gerald Slotnik, Asst. Atty. Gen., New York City, of counsel.

### DECISION ON MOTION FOR REHEARING

HOWARD SCHWARTZBERG, Bankruptcy Judge.

On September 26, 1983, this court made findings of fact and conclusions of law and directed the preparation of a proposed judgment for submission to the district court in this "related to" proceeding. *See* Emergency Resolution § (d)(3)(B), N.Y.L.J. Sept. 30, 1982 at 36, col. 2. Thereafter, the district court allowed the debtor an opportunity to move for a rehearing of its claim for start-up cost medicaid reimbursement. The debtor contends in the motion for rehearing that this court erred in its prior decision in *In re Greenwald,* 33 B.R. 607 (Bkrtcy.S.D.N.Y.1983), which held that the debtor's claim for start-up costs was time-barred and precluded by a failure to exhaust administrative remedies. *See id.,* at 614–15.

A full statement of the facts surrounding the "start-up cost" issue is set forth in this court's prior decision. A part of the factual basis for recommending dismissal was as follows:

> The debtor first objected to the start-up cost issue in a letter dated October 10, 1977 which served as a first level appeal of the denied 1973 reimbursement. This appeal was denied approximately one year later on October 24, 1978.

> . . . . .

> Rather than request an administrative hearing or commence an Article 78 proceeding (if exhaustion of administrative remedies was not required), the debtor took no action until June 5, 1980 when it instituted a district court action against DOH seeking the 1973 reimbursement. *See Greenwald v. Axelrod,* 80 Civ. 3079 (S.D.N.Y. May 27, 1981).

*Id.* at 611.

The debtor now reiterates its earlier argument that the district court's dismissal of the action as premature "in view of the pendency of [the start-up cost] issue before the state administrative agency" is res judicata as to the state's statute of limitation and exhaustion defenses. This court has

already found, however, that the debtor was barred by these defenses at the time the district court action was commenced. The debtor cannot bootstrap its position immediately prior to the district court action with language contained in an opinion issued later in that case.

In its earlier decision, this court stated: "It is now apparent that the start-up cost issue was never raised in the audit proceedings. DOH refused to allow the issue to be raised by the debtor during bureau review of the audits pursuant to its policy and practice precluding the raising of 'new matter' at this stage." *Id.* at 611–12. This court then noted "that the debtor did not avail itself of two opportunities to pursue administrative relief; first in 1978 when it overpassed an administrative appeal, and second, when it did not raise the start-up cost issue during the audits." *Id.* at 614.

The debtor's principal contention in support of its motion for rehearing is that the start-up cost issue was timely placed before the Office of the Special Prosecutor ("OSP") during the audits for the 1973–1974 base years. Mr. Marvin Neiman, the debtor's accountant who represented the facility, stated in an affidavit that he raised the start-up cost issue at a "closing conference" conducted by the Department of Health on October 22, 1980. Mr. Neiman also stated that he brought up the start-up cost dispute at subsequent closing conferences for audits covering the years 1975–1979.

■ In response to the debtor's argument, the state correctly points out that the October 22, 1980 meeting referred to by Mr. Neiman was not in fact a "closing conference" of the 1973–1974 audits. The OSP audit was completed and an audit report was issued to the debtor in or about May 1978. The debtor then took a first level administrative appeal by requesting bureau review. The 1980 meeting was part of the bureau review at which the debtor could not raise matter not brought in issue at the original audit hearings. It is therefore clear that Mr. Neiman's additional statements made in support of the debtor's motion for rehearing do not alter the basis for this court's earlier conclusion that the start-up cost issue was not raised at the initiation of the 1973–1974 base year audits.

Finally, Mr. Neiman states in his Reply Affirmation that the 1980 meeting served as a closing conference since it was the first conference afforded to the debtor with respect to the audit of its 1973–1974 costs. This court has already pointed out in its prior opinion that the debtor did not act for approximately two years after it received the cost report for base years 1973–1974. If the debtor did not have the opportunity of a closing conference in 1978, it should have requested one shortly after issuance of the cost report. *See In re Greenwald,* 33 B.R. 607, 615 (Bkrtcy.S.D.N.Y.1983); *cf.* 10 C.R.R. § 86–2.7(e) (1983) (facility has 30 days from receipt of audit report to initiate bureau review).

No new facts have been presented by the debtor which would affect this court's earlier conclusions finding the debtor's claim barred by the state's statute of limitation and exhaustion defenses. Accordingly the motion for rehearing is denied.

IT IS SO ORDERED.