**In re Vera M. CROSBY.**

**UNITED STATES of America acting By and Through the FARMERS HOME ADMINISTRATION and J.C. Bell, Trustee, Plaintiff,**

v.

**EAGLE INVESTMENT CO., Jimmy C. Havard, In His Capacity as Chancery Clerk of Forrest County, Mississippi**

and Jerry Williams, in His Capacity as Tax Collector of Forrest County, Mississippi, Defendants.

**Bankruptcy No. 8408229HC.**
**Adv. No. 890880HC.**

United States Bankruptcy Court,
S.D. Mississippi.

Dec. 27, 1989.

Crockett Lindsey, Asst. U.S. Atty., Biloxi, Miss., for plaintiff.

Robert R. Marshall, Eagle Inv., Stone D. Barefield, Jimmy C. Havard & Jerry Williams, Hattiesburg, Miss., for defendants.

OPINION

EDWARD R. GAINES, Bankruptcy Judge.

This matter is before the Court on the Complaint to Set Aside Tax Sale filed by the United States of America, by and through the Farmers Home Administration, and the duly appointed trustee, J.C. Bell. Having reviewed the pleadings and the memoranda submitted by the parties, the Court is of the opinion that the relief sought in said complaint is proper and should be granted by this Court.

## I. FACTS

The Farmers Home Administration made a loan to the debtor, Vera Crosby, on October 27, 1982. A prior loan was assumed as part of the October 27, 1982 loan. Both loans were secured by deed of trust in favor of the Farmers Home Administration on property located in Forrest County, Mississippi.

The debtor filed for Chapter 13 relief on October 19, 1984. Said bankruptcy proceeding is still pending in this Court. On April 5, 1985, the Farmers Home Administration filed its proof of claim with supporting documentation in the debtor's Chapter 13 proceeding.

During August of 1985, a tax sale was conducted by Forrest County, Mississippi, for delinquent ad valorem taxes. At the time of the tax sale, the automatic stay was in effect and no order lifting said stay had been obtained from this Court for the purpose of conducting the tax sale on said property. The purchaser of the debtor's property was the co-defendant, Eagle Investment.

During August of 1987, the aforesaid tax sale matured and the co-defendant, Eagle Investment Company, obtained a tax deed from Forrest County, Mississippi. Said tax deed was duly recorded by the co-defendant, Eagle Investment Company.

The co-plaintiffs, including the trustee, filed this complaint alleging a violation of the automatic stay provided under 11 U.S.C. Section 362.

## II. LAW

■ The authorities set forth in the memorandum filed by the United States of America, by and through the Farmers Home Administration cite the correct law as to these issues. The tax sale was a direct violation of the automatic stay provided by Section 362 of the Bankruptcy Code and, therefore, is null and void. *See In re Young,* 14 B.R. 809, 811 (Bkrtcy.D. Ill.1981); *In re Greer,* 89 B.R. 757 (Bkrtcy. S.D.Ill.1988); *Matter of Ballentine Bros., Inc.,* 86 B.R. 198 (Bkrtcy.D.Neb.1988); *Richard v. City of Chicago,* 80 B.R. 451 (N.D.Ill.1987); *In re Haight,* 52 B.R. 104 (Bkrtcy.1985); and *In re Eisenberg,* 7 B.R. 683 (1980), *United States v. Caro,* 47 B.R. 995 (D.C.E.D.N.Y.1985); *In re Blarney, Inc.* 53 B.R. 162 (Bkrtcy.D.Minn.1985); *In re Greenwald,* 34 B.R. 952 (Bkrtcy.S.D.N. Y.1983); *In re Mason,* 18 B.R. 817 (Bkrtcy. W.D.Tenn.1982); and *In re Pizza of Hawaii, Inc.,* 12 B.R. 796 (Bkrtcy.D.Hawaii 1981) and *New York v. Irving Trust Co.,* 288 U.S. 329, 333, 53 S.Ct. 389, 391, 77 L.Ed. 815.

■ The defendants' argument that the United States of America lacks standing is particularly incorrect in this case since J.C. Bell, the duly appointed standing trustee for this Chapter 13 proceeding joined as co-plaintiff. In addition, the standing trustee in a Chapter 13 proceeding is not required to collect and reduce to money the property of the estate as is the case in a Chapter 7 proceeding. Compare 11 U.S.C. Section 1302(b)(1) and 11 U.S.C. Section 704(1).

■ In addition to the foregoing, the conveyance by the debtor to the Farmers Home Administration was improper since no authority was given by this Court for said transfer. Said transfer should be and is hereby nullified and declared void *ab initio.*

Since the counterclaim by the defendants was not dealt with in the memoranda submitted to the Court, the Court makes no decision thereon at this time. However, the defendants shall have the right to pursue the counterclaim in this Court if they so desire.

A separate order shall be entered consistent with this opinion.

### JUDGMENT

There came for consideration the Complaint to Set Aside Tax Sale filed by the United States of America by and through the Farmers Home Administration, and the standing trustee, J.C. Bell. Having reviewed the pleadings and the memoranda submitted by counsel, the Court is of the opinion that the relief sought in said complaint should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that the tax sale of the debtor's property on August 26, 1985, by Forrest County, Mississippi, to Eagle Investment Company, be and the same is hereby set aside and cancelled.

IT IS FURTHER ORDERED AND ADJUDGED that the Tax Collector of Forrest County, Mississippi, refund to the co-defendant, Eagle Investment Company all monies paid by Eagle Investment Company toward the purchase of the debtor's property and for subsequent payment of taxes.

ORDERED AND ADJUDGED.