### In the Matter of CHIEF CHARLEY'S, INC., Debtor.

### Bankruptcy No. 89–05131–8B1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 27, 1990.

Shirley Arcuri, Tampa, Fla., for debtor.

Helen K. Hobbs, Chief Asst. County Atty., Redington Beach, Fla., for O. Sanford Jasper, Tax Collector of Pinellas County, Fla. and Robert Joseph.

## ORDER ON ORDER TO SHOW CAUSE

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THE MATTER under consideration is an Order to Show Cause directed to O. Sanford Jasper as Tax Collector of Pinellas County, and Robert Joseph, his employee (collectively referred to as the Tax Collector). The Order to Show Cause is based on an application filed by Chief Charley's, Inc. (Debtor), alleging the Tax Collector is in violation of the automatic stay by obtaining tax warrants against personal property of the Debtor.

## STATEMENT OF FACTS

Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 24, 1989. The Tax Collector filed a secured claim against the estate for ad valorem tangible personal property taxes (taxes). The claim arose out of taxes assessed against restaurant equipment belonging to the Debtor on January 1, 1989 pursuant to Fla.Stat. § 197.122. The taxes became due November 1, 1989, and were considered delinquent on April 1, 1990. Fla.Stat. § 197.333.

Subsequent to the filing of the bankruptcy and with knowledge of the bankruptcy, the Tax Collector obtained a state court order confirming tax warrants for the delinquent taxes. Fla.Stat. § 197.413. The state court order provided although the warrants were confirmed, the Tax Collector was prohibited from taking any enforcement action pursuant to the warrants as long as the property remained in the jurisdiction of the bankruptcy court.

## ISSUE

The issue for this Court to resolve is whether the Tax Collector violated the automatic stay by seeking and obtaining the tax warrants or was such action relating to tax warrants by the Tax Collector excepted from the protection of the automatic stay by virtue of Bankruptcy Code Section 362(b)(3) and Section 546(b).

## DISCUSSION

■■■ The Tax Collector asserts the confirming of the warrants by the state court is only another step in the process of perfecting its tax lien. As such, the Tax Collector contends the act of confirming the warrants does not violate the automatic stay pursuant to Sections 362(b)(3) and 546(b) of the Bankruptcy Code. This Court does not agree. These Code Sections except certain acts of perfection in interests in property from the automatic stay provisions. Without getting to the issue of what acts of perfection are excepted from the automatic stay, the Court finds the tax lien against the Debtor was perfected pre-petition and prior to the Tax Collector seeking tax warrants by virtue of Fla.Stat. § 197.122. It reads as follows:

All taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed and shall continue in full force from January 1 of the year the taxes were levied until discharged by payment . . .

According to the statute, the county's tax lien was perfected without the obtaining of the warrants. Other courts have interpreted similar state statutes in the same manner. *See, Equibank, N.A. v. Wheeling–Pittsburgh Steel Corp.,* 884 F.2d 80 (3rd Cir.1989). Pursuant to Fla.Stat. § 197.122 and § 197.333, the taxes were assessed on Debtor's restaurant equipment on January 1, 1989 (pre-petition). On November 1, 1989 (post-petition), the taxes became due but Debtor failed to pay them. Subsequently, on April 1, 1990 (post-petition), the taxes were considered delinquent and a lien arose which, by virtue of the statute, is "superior to all other liens" and attached to the restaurant equipment as of January 1, 1989 (a relation back concept).

■■■ At this juncture the Tax Collector argues the lien's attachment to the restaurant equipment was not completely perfected. Therefore, according to the Tax Collector, the post-petition action to obtain the issuance of warrants was necessary to complete perfection and therefore this act is excepted from the automatic stay provisions pursuant to Section 362(b)(3).

Section 362(b)(3), the exception on which the Tax Collector relies to have the tax warrants issued, states:

The filing of a petition . . . does not operate as a stay—

(3) under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under 546(b) of this title . . .

Section 546(b) states:

The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection.

The Tax Collector argues a trustee would not be able to avoid the Tax Collector's lien since, by virtue of the warrants, the perfection process is complete.

As noted in the Tax Collector's brief, Fla.Stat. § 197.413 authorizes the enforcement of a tax lien.

(1) Prior to May 1 of each year immediately following the year of assessment,

the tax collector shall prepare a list of the unpaid personal property taxes containing the names and addresses of the taxpayers and the property subject to the tax as the same appear on the tax roll. Prior to April 30 of the next year, the tax collector shall prepare warrants against the delinquent taxpayers providing for the levy upon, and seizure of, tangible personal property.

(2) Within 30 days after the date such warrants are prepared, the tax collector shall cause the filing of a petition in the circuit court for the county which the tax collector serves, which petition shall briefly describe the levies and nonpayment of taxes, the issuance of warrants, and proof of the publication of notice as provided for in s. 197.402 and shall list the names and addresses of the taxpayers who failed to pay taxes, as the same appear on the assessment roll. Such petition shall pray for an order ratifying and confirming the issuance of the warrants and directing the tax collector or his deputy to levy upon and seize the tangible personal property of each delinquent taxpayer to satisfy the unpaid taxes set forth in the petition. *This proceeding is specifically provided to safeguard the constitutional rights of the taxpayers in relation to their tangible personal property and to allow the tax collector sufficient time to collect such delinquent personal property taxes before the filing of petitions in the circuit court and shall be conducted with these objectives in mind.*

\*     \*     \*     \*     \*     \*

(8) A tax warrant issued by the tax collector for the collection of tangible personal property taxes shall, after the court has issued its order as set forth in subsection (6), have the same force as a writ of garnishment upon any person who has any goods, moneys, chattels, or effects of the delinquent taxpayer in his hands, possession, or control or who is indebted to such delinquent taxpayer.

(emphasis added).

Contrary to the Tax Collector's position that the warrants are an additional step in the tax collection process, it appears to this Court the confirmation of the issuance of the warrants is a step beyond perfection. The statute authorizing the issuance of warrants is strictly an enforcement statute. The warrant can only be obtained by the Tax Collector filing a petition in state court. Once confirmed and ratified by the circuit court, the warrant authorizes the Tax Collector to levy upon and seize the personal property of the Debtor.[1] The warrant also has the same force as a writ of garnishment as to any person who is indebted to the taxpayer. Fla.Stat. § 197.413(8). The Tax Collector's warrant enhances the enforcement rights against the Debtor's restaurant equipment on which the taxes had been specifically assessed. This action goes beyond the attachment of the lien on specific property assessed which would follow the property into the hands of a purchaser. *Faber, Coe & Gregg of Florida, Inc. v. Wright,* 178 So.2d 51 (3rd DCA 1965).

Further, the statute specifically states the confirming and ratifying of warrants is a constitutional safeguard provided to the taxpayer before allowing the Tax Collector the right to seize property. Surely, the state legislature viewed the warrant differently from the tax lien. *In re Walter E. Heller & Co. Southeast v. Williams,* 450 So.2d 521 (Fla. 3rd DCA, 1984); *reh'g denied,* 462 So.2d 1108 (Fla.1985).[2] The Third District Court of Appeals viewed the predecessor statute in the same light.

The Tax Collector's rights are protected by the Bankruptcy Code. The taxes may be a priority or secured claim. *See,* Sections 503, 506, and 507 of the Bankruptcy Code. The Tax Collector may have a right

---

**1.** The Court wonders why the state court would confirm the warrant which would authorize the levy upon property of the Debtor, yet notwithstanding the authorization, the order specifically sets out that no collection efforts could be made while the Debtor's property was under the jurisdiction of the bankruptcy court. It appears to be a nullity.

**2.** This case appears to be the only current discussion of the law. Neither party cited it in their briefs to the Court.

to adequate protection including attorney fees and costs. Sections 362(d); 502(b)(3). The tax claim may be nondischargeable. Section 523(a)(1). If the Tax Collector believes his rights are jeopardized, he must proceed first in bankruptcy court before exercising such rights, especially where he is acquiring enforcement powers.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Tax Collector's act of obtaining tax warrants against property of the Debtor is in violation of the automatic stay. The tax warrants are therefore void. The Court, by separate order, will set a final evidentiary hearing to allow the Debtor to establish damages as allowed under Section 362(h).

DONE AND ORDERED.