FRANK, Acting Chief Judge.
A.L. Carter has appealed from a final judgment setting aside a tax deed issued to him by the Polk County Circuit Court, an event allegedly occurring during the existence of an automatic stay under chapter 7 of the bankruptcy code. Notwithstanding the correctness of the legal principle undergird-ing the trial court’s decision — that a deed issued in violation of the automatic stay is void — we reverse on the ground that the trial court has erroneously allowed the mortgage holder, Railroad & Industrial Federal Credit Union (R & I), to pursue foreclosure in a successive lawsuit under the guise of an action for declaratory judgment.
The property that is the subject of this lawsuit was purchased in 1980 by Paul and Nina Hodge, who executed and delivered a promissory note and mortgage to R & I. The Hodges filed a petition for bankruptcy in August, 1988. R & I’s motion to lift the automatic stay was granted in December of 1989, thus allowing R & I to pursue foreclosure of the mortgage. R & I sued the Hodges, Charles and Sandra Newman, who were junior lienholders, and A.L. Carter, who held possession of the property by virtue of a tax deed recorded in November of 1989. For reasons not apparent from the record before us, Carter was dismissed with prejudice from that lawsuit in June of 1991.
In 1993 R & I filed the present declaratory judgment action against the Polk County Tax Collector, the Clerk of the Court, and Carter, seeking to have the tax deed to Carter set aside on the ground that it was issued in violation of the automatic stay. In its complaint R & I alleged that “due to the transfer of title pursuant to the tax deed Plaintiffs foreclosure action against the Hodges was dismissed, and Plaintiff is without remedy at law.” Carter moved for summary judgment, contending that the dismissal with prejudice of the previous lawsuit was res judicata and that R & I was barred from bringing the present action. The trial court apparently agreed, granted Carter’s motion for summary judgment, and dismissed the lawsuit with prejudice as to Carter.
Once Carter was out of the declaratory judgment action, however, the trial court proceeded to grant the relief sought by R & I. On the authority of In Re Schwartz, 954 F.2d 569 (9th Cir.1992), and In the Matter of Chief Charley’s, Inc., 122 B.R. 785 (Bankr. M.D.Fla.1990), the trial judge declared the tax deed void as issued in violation of the automatic stay. In so doing, the trial court followed the view of the majority of the federal appellate courts that “[ajctions taken in violation of the automatic stay are void and without effect.” Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir.1982) (citing Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940)). Relying upon this legal premise, the trial judge declared that title was vested in the Hodges, that the Clerk should repay Carter the consideration for purchase of the tax deed, with interest, and that R & I should be permitted to pursue foreclosure of its lien interest by separate action.
In granting the relief sought by R & I, however, the trial court overlooked the peculiar procedural history of this case. The court failed to recognize that R & I could have appealed the dismissal with prejudice of its previous lawsuit against A.L. Carter. Although the tax deed should not have been issued while the automatic stay was in effect, *687 the beneficiary of that mistake — Carter—had previously litigated his interest in the property vis-a-vis that of R & I and had obtained what he could have assumed was a conclusive judgment that R & I could not foreclose. Now R & I, apparently having sat on its right to appeal that decision, has slithered through the proverbial back door for another, bite at the apple. The trial court erred in allowing R & I to use this declaratory judgment action as a vehicle for obtaining the once forbidden foreclosure.
Accordingly, we reverse the summary judgment in favor of Railroad & Industrial Federal Credit Union and direct that the tax deed of A.L. Carter to the subject property be reinstated.
ALTENBERND and QUINCE, JJ., concur.