In re Willie Earl **KEY** and Marie Key.

**Willie Earl Key, Plaintiff,**

**v.**

**Elijah Cannon, Jr., a/k/a Elijah Cannon; Harmon A. "Robbie" Robinson, in his capacity as Chancery Clerk of Clay County, Mississippi; and Becky Dendy, in her capacity as Tax Assessor/Collector of Clay County, Mississippi, Defendants.**

Bankruptcy No. 94–40927.

Adversary No. 98–4292.

United States Bankruptcy Court, N.D. Mississippi.

Aug. 18, 2000.

R Gawyn Mitchell, Columbus, MS, for Debtors.

Harold J. Barkley, Jr., Jackson, MS, for trustee.

Locke D. Barkley, Jackson, MS, Chapter 13 Trustee.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for summary judgment filed by the debtor/plaintiff, Willie Earl Key (hereinafter referred to as "debtor"); no responses having been filed by any of the defendants; and the court, having considered said motion, hereby finds, orders, and adjudicates as follows, to-wit:

### I.

The court has jurisdiction of the subject matter of and the parties to this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (O).

### II.

In his complaint, the debtor seeks to remove a cloud from the title to certain real property, owned by him, but sold during the pendency of his Chapter 13 case by the taxing authorities of Clay County, Mississippi, to Elijah Cannon, Jr., for the nonpayment of 1994, 1995, and 1996 *ad valorem* taxes. Elijah Cannon, Jr., did not respond to the complaint. Lee S. Coleman, as the attorney for Clay County, Mississippi, filed a single answer on behalf of Harmon A. "Robbie" Robinson and Becky Dendy in their official capacities respectively as Chancery Clerk and Tax Assessor/Collector of Clay County, (hereinafter referred to as Clay County officials).

Paragraphs V and VI of the complaint provide as follows:

### V.

Plaintiff Willie Earl Keys the owner of certain real property located and situated in Clay County, Mississippi, and the same is the property of the bankruptcy estate herein. Plaintiff is the owner of the "subject" property by virtue of that certain warranty deed from Willie D.

Bowens to "Willie Keyes" who is one and the same person as Willie Earl Key, such warranty deed being dated the 22nd day of October, 1990, and filed for record on the 25th day of October, 1990, at 3:38 o'clock p.m. and duly recorded in Land Deed Record No. 189, pages 294–295 of the Land Records of Clay County, Mississippi. A true and correct copy of this warranty deed is attached hereto as "Exhibit A" and contains the legal description of the property.

### VI.

Plaintiff, along with his wife, Marie Key, filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code with this court on April 21, 1994, as shown by the notice of commencement of case issued by the court, a true and correct copy which is attached hereto as "Exhibit B."

In their answer, the Clay County officials asserted that they had no knowledge of the aforesaid allegations set forth in Paragraphs V and VI and therefore denied same.

In the motion for summary judgment, the plaintiff makes the following allegation:

These defendants [Harmon A. "Robbie" Robinson and Becky Dendy], through Lee S. Coleman, Esq., filed an answer on behalf of Clay County, Mississippi, and admitted the allegations of Paragraphs VII, VIII, IX, XI, XII, and XIII of the plaintiff's Complaint, each of which involves a tax sale of real property assessed to the plaintiff, such tax sales being for the 1994, 1995, and 1996 *ad valorem* property taxes that were due Clay County, Mississippi.

The Clay County officials did not file a response to the motion for summary judgment. Since the aforesaid phrase "plaintiff's complaint ... which involves a tax sale of real property assessed to the plaintiff" appears to reassert, in part, the allegations contained in Paragraph V of the complaint, the court concludes that the debtor is the same individual denominated as grantee in the warranty deed attached to the complaint as Exhibit A. In addition, the court has examined the file for this Chapter 13 case, and judicially notices that the debtor's bankruptcy case was filed on April 21, 1994, and that it has remained in an active status since that date. The court further judicially notices that no motions for relief from the automatic stay have been filed by the Clay County officials, and that no motions to authorize post-petition transfers by the debtor have been filed. Furthermore, the court finds that the debtor's ownership interest in the real property, as it existed on the date of filing the Chapter 13 case, became part of the bankruptcy estate pursuant to the terms of § 541(a)(1) of the Bankruptcy Code.

The following facts, set forth in the complaint, were admitted by Clay County:

1. The predecessor in office to defendant Becky Dendy, Tax Assessor/Collector of Clay County, Mississippi, Marianne Middleton, on the 28th day of August, 1995, sold the above described real property at the 1994 tax sale, when Elijah Cannon became the highest and best bidder therefor at the sum of $55.00.

2. The predecessor in office to defendant Becky Dendy, Tax Assessor/Collector of Clay County, Mississippi, Marianne Middleton, on the 26th day of August, 1996, sold the above described real property at the 1995 tax sale, when Helen Gibson became the highest and best bidder therefor.

3. Defendant Becky Dendy, the Tax Assessor/Collector of Clay County, Mississippi, on the 25th day of Au-

gust, 1997, sold the above described real property at the 1996 tax sale when S.W. Gibson became the highest and best bidder therefor.

4. On information and belief, the plaintiff would show that (neither) the purchasers at the tax sales, nor the tax collector had actual knowledge of the pendency of the underlying bankruptcy proceedings, and the provisions of the automatic stay.

5. By virtue of the 1994 tax sale, on June 2, 1998, Harmon A. "Robbie" Robinson, Chancery Clerk of Clay County, Mississippi, executed and delivered a tax deed to Elijah Cannon, being the same person as defendant "Elijah Cannon, Jr." the same being recorded on June 4, 1998, and filed for record in the Land Deed Record No. 218, page 391, of the Land Records of Clay County, Mississippi. A true copy of this Tax Deed is attached hereto as "Exhibit C."

6. On July 13, 1998, Elijah Cannon redeemed the 1995 tax sale, as shown by the Release from Delinquent Tax Sale executed by defendant Harmon A. "Robbie" Robinson, the same being filed for record on July 13, 1998, at 11:01 o'clock a.m., and recorded in Land Mortgage Record No. 259, page 20 of the Land Records of Clay County, Mississippi. A true copy of this release is attached hereto as "Exhibit D."

7. On July 31, 1998, Elijah Cannon redeemed the 1996 tax sale, as shown by the Release from Delinquent Tax Sale executed by defendant Harmon A. "Robbie" Robinson, the same being filed for record on July 31, 1998, at 3:40 o'clock p.m., and recorded in Land Mortgage Record No. 259, page 465, of the Land Records of Clay County, Mississippi. A true copy of this release is attached hereto as "Exhibit E."

### III.

This court, on a prior occasion, has adjudicated the effect of a tax sale which occurred in violation of the automatic stay. In *Girard Saving Bank v. Larry A. Clayton (In Re Johnnie M. Bell)*, Adv. Proc. No. 98–4099, Case No. 93–42773, decided June 26, 1998, this court held that if real property is property of a bankruptcy estate, a tax sale for delinquent ad valorem taxes applicable to the property is void if the automatic stay is not lifted before the sale occurs. In its opinion, the court found that not only was the tax sale void, but a subsequent sale by the tax sale purchaser was likewise void. The Bankruptcy Court for the Southern District of Mississippi has also held that a tax sale is void if it was conducted in violation of the automatic stay. *U.S.A. v Eagle Investment Co. (In re Crosby)*, 109 B.R. 195 (Bankr.S.D.Miss. 1989).

Based on the foregoing analysis, the court concludes that the tax sales in question were conducted by the Clay County officials in violation of the automatic stay. The real property was a part of the debtor's bankruptcy estate at the time of each sale. As such, the sales to Elijah Cannon, Helen Gibson, and S.W. Gibson on August 28, 1995, August 26, 1996, and August 25, 1997, respectively, are void, as are the redemptions of the 1995 and 1996 sales by Cannon. Accordingly, no genuine issues of material fact exist and the plaintiff is entitled to summary judgment as a matter of law.

### IV.

In the addendum portion of the complaint, the debtor sought the following relief:

Plaintiff prays that this honorable court enter judgment against the defendants, declaring that the 1994, 1995, and 1996 tax sales are null and void as being in violation of the automatic stay provisions of 11 U.S.C. § 362(a), and adjudge that Willie Earl Key is the true owner of the subject property, and direct that such judgment be recorded in the land records of Clay County, Mississippi, and adjudge the amount of money that Willie Earl Key, plaintiff, should be required to reimburse the tax assessor/collector, chancery clerk, or Elijah Cannon, Jr., a/k/a Elijah Cannon, as the case may be, for the sums of money so paid at the tax sale for the redemptions thereof, and for the obtaining of the tax deed, and for other and more further relief as the court may deem mete and proper in the premises.

After responding to each allegation in the complaint, the Clay County officials asserted the following:

> This defendant would show unto the court that it has no interest in the subject property other than the $258.29 which should be refunded to Elijah Cannon in the event that plaintiff should prevail in the instant case.
>
> NOW having fully answered plaintiff's complaint, the defendant, Clay County, Mississippi, request that plaintiff's complaint be dismissed with prejudice as to this defendant upon the plaintiff paying this defendant $258.29 if plaintiff prevails in his complaint and that all costs be taxed to the plaintiff.

In the motion for summary judgment, the debtor requested the following: "[T]hat Willie Earl Key shall pay the sum of $258.29 to Clay County, Mississippi, who shall refund the same to Elijah Cannon, Jr., upon receipt, and that the 1994, 1995, and 1996 tax sales, as set forth in the Complaint be declared null and void ..."

Accordingly, even though the debtor has prevailed on his motion for summary judgment, he will be required to pay the sum of $258.29 to Clay County, Mississippi, so that it might be refunded to Cannon.

An order will be entered contemporaneously herewith.