**In re John & Connie LAMBERT, Debtors.**

**John E. Venn, Jr., Trustee Plaintiff,**

**v.**

**Harold Bazzel, Clerk; Peggy Brannon, Tax Collector; Wayne M. & Linda B. Pender; Defendants.**

**Bankruptcy No. 99–20490–PCY5.**

**Adversary No. 01–90023.**

United States Bankruptcy Court, N.D. Florida, Panama City Division.

Jan. 9, 2002.

---

John E. Venn, Jr., Pensacola, FL, for plaintiff.

Jerry Gerde, Panama City, FL, for defendant.

John E. Venn, Jr., Pensacola, FL, trustee.

*MEMORANDUM OPINION AND ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT*

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CASE came before the Court on November 30, 2001 upon the plaintiff

Chapter 7 trustee John Venn, Jr.'s motion for summary judgment. The trustee seeks to avoid a tax deed issued by defendant Harold Bazzell, Clerk of the Bay County, Florida Court on behalf of defendant Peggy Brannon, Tax Collector for Bay County, as a violation of the automatic stay. Avoiding the tax deed will render void the sale of real property, owned by debtors John and Connie Lambert, to defendants Wayne and Linda Pender. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to § 157(b)(2)(O).

For the reasons discussed below, the trustee's motion for summary judgment is granted, the tax deed issued by the Bay County authorities is avoided, and the sale of the property to the Penders via the tax deed in question is void.

### Factual and Procedural History

The parties stipulated to the facts of the case. The debtors Lambert filed their Chapter 7 petition on August 6, 1999. The Lamberts failed to pay the 1997 ad velorem taxes on a piece of non-homestead real estate in Bay County. The Bay County tax collector sold a certificate for the delinquent taxes to Propco, Inc. on May 26, 1998. Pursuant to the provisions of Florida Statute section 197.502(1), Propco applied for the issuance of a tax deed May 15, 2000.[1] On August 15, 2000 the tax collector certified to the office of the county clerk that the 1998 tax certificate was not redeemed by Propco.[2] The county clerk sold the property to the Penders on November 1, 2000.

The trustee filed this adversary proceeding on July 5, 2001, pursuant to 11 U.S.C. §§ 362 and 549. Count I alleged that the transfer of the property to the Penders is void as a violation of the automatic stay. Count II alleged that the post petition transfer was avoidable by the trustee because it was unauthorized. Count III, seeking monetary damages, alleged that the tax collector, while aware of the pending bankruptcy, transferred the property, with equity, free and clear of a first mortgage held by AmSouth Bank.

The tax collector was the only defendant to appear at the summary judgment hearing. She argued that the debtors' pre-petition failure to pay taxes and the County's pre-petition sale of the tax certificate set in motion a chain of events, required by Florida Statutes, that culminated in the post petition clerical function of selling the property via the issuance of a tax deed. Essentially, the tax collector's argument is that all of the events that served to effectively transfer the property from the debtors occurred pre-petition. This defendant contended that the final act of the issuance of the deed and the exchange of money were ministerial acts that the county officials were required to take, but were not affirmative steps taken to affect a post-

---

1. The holder of any tax certificate, other than the county, at any time after 2 years have elapsed since April 1 of the year of issuance of the tax certificate ... may file the certificate and an application for a tax deed with the tax collector of the county where the lands described in the certificate are located.... F.S. § 197.502(1).

2. Any person may redeem a tax certificate or purchase a county-held certificate at any time after the certificate is issued and before a tax deed is issued or the property is placed on the list of lands available for sale. The person redeeming or purchasing a tax certificate shall pay to the tax collector in the county where the land is situated the face amount of the certificate or the part thereof that the part or interest purchased or redeemed bears to the whole. Upon purchase or redemption being made, the person shall pay all taxes, interest, costs, charges, and omitted taxes, if any, as provided by law upon the part or parts of the certificate so purchased or redeemed. F.S. § 197.472(1).

petition transfer of property. She asserted that "a right to payment that only comes into being post petition is not subject to the automatic stay."

## Discussion

### The Legal Standard for Summary Judgment

The trustee moved for summary judgment under Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. Summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c); *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If there is a material issue of fact in dispute, summary judgment must be denied. *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). In ruling on the moving party's motion, the court must view the evidence in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Initially, the moving party bears the burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. If the movant meets its burden, the burden then shifts to the non-moving party to establish that a genuine dispute of material fact exists. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir.1993), *reh'g denied*, 16 F.3d 1233 (11th Cir.1994). To meet this burden, the non-moving party must go beyond the pleadings and "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Chanel, Inc. v. Italian Activewear, Inc.*, 931 F.2d 1472, 1477 (11th Cir.1991). If the

evidence relied on is such that a reasonable jury could return a verdict in favor of the non-moving party, then the Court should refuse to grant summary judgment. *Hairston*, 9 F.3d at 913. However, a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In this case, the trustee as movant must show that tax collector cannot present facts in opposition to the theory that the land was property of the estate at the time the tax deed was issued. If the land was property of the estate at the time the tax deed was issued, then the issuance of the tax deed was a violation of the automatic stay, and thus void.

### The Real Property was Property of the Estate on the Date the Petition was Filed

"The commencement of a case under ... this title creates an estate ... comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

The issuance of a tax certificate does not transfer title to the land. Tax certificates on lands are designed to evidence mere statutory liens. *City of Miami v. Certain Lands Upon Which City of Miami Taxes and Liens are Delinquent*, 126 Fla. 781, 783, 171 So. 798 (1937). A purchaser cannot acquire any more by purchasing tax certificates than he can by paying the taxes. The extent of that right would be a lien on the property for the amount paid for taxes. *Chicago Trust Co. v. Knabb*, 142 Fla. 767, 777, 196 So. 200 (1940).

When an application for a tax deed is made, "clerk of the circuit court shall notify ... the persons listed in the tax collector's statement pursuant to § 197.502(4)

that an application for a tax deed has been made." F.S. § 197.522(1)(a). "The clerk shall enclose with every copy mailed a statement as follows: WARNING: There are unpaid taxes on property which you own or in which you have a legal interest. The property will be sold at public auction on ... (date) ... unless the back taxes are paid." F.S. § 197.522(1)(b).

■■■ A landowner whose property is to be sold for delinquent taxes has a vested ownership interest in the subject property and is therefore entitled to notice of a pending tax deed sale. *Dawson v. Saada,* 608 So.2d 806, 808 (Fla.1992), *on remand* 612 So.2d 728. This legal interest in the land is, prior to the issuance of a tax deed, property of the estate. Thus, the land in question was property of the estate at the time the county issued the tax deed.

### Acts Taken to Issue the Tax Deed Were In Violation of the Automatic Stay

Section 362 of the Bankruptcy Code provides in part that

a petition filed under section 301 ... operates as a stay, applicable to all entities, of

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the

commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. §§ 362(a)(4, 5, 6).

■■ In the Eleventh Circuit, actions "taken in violation of the automatic stay are void and without effect." *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982) *citing to Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940). The Court so held because

[t]he automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

*In re Schwartz,* 954 F.2d 569, 571 (9th Cir.1992) *(quoting H.R.Rep. No. 595,* 95th Cong., 1st Sess. 340 (1978), U.S.Code Cong. & Admin.News 1978, 5963, 6926–6927).[3]

Several courts have addressed the instant issue. *See United States (By and Through FHA) v. Eagle Investment Co. (In re Crosby),* 109 B.R. 195, 197 (Bankr. S.D.Miss.1989) (tax sale was a direct violation of the automatic stay provided by Section 362 of the Bankruptcy Code and, therefore, [wa]s null and void);[4] *In re*

**3.** *Accord Carver v. Carver,* 954 F.2d 1573, 1576 (11th Cir.1992); *Brock v. Rusco Industries, Inc.,* 842 F.2d 270, 273 (11th Cir.1988) *cert. denied* 488 U.S. 889, 109 S.Ct. 221, 102 L.Ed.2d 212 (1988); *Maritime Electric Co. v. United Jersey Bank,* 959 F.2d 1194, 1207 (3rd Cir.1991).

**4.** *Internal citations include In re Pizza of Hawaii, Inc.,* 12 B.R. 796 (Bankr.D.Haw.1981);

*In re Young,* 14 B.R. 809, 811 (Bankr.D.Ill. 1981); *In re Mason,* 18 B.R. 817 (Bankr. W.D.Tenn.1982); *In re Greenwald,* 34 B.R. 952 (Bankr.S.D.N.Y.1983); *In re Blarney, Inc.* 53 B.R. 162 (Bankr.D.Minn.1985); *Richard v. City of Chicago,* 80 B.R. 451 (N.D.Ill.1987); *Matter of Ballentine Bros., Inc.,* 86 B.R. 198 (Bankr.D.Neb.1988); *In re Greer,* 89 B.R. 757 (Bankr.S.D.Ill.1988).

*Stewart,* 190 B.R. 846, 854 (Bankr.C.D.Ill. 1996) (actions to obtain a tax deed constituted acts to collect a claim against the debtors that arose pre-petition, in violation of § 362(a)(6)); *Carter v. R.R. & Industrial Fed. Credit Union,* 675 So.2d 685, 686 (Fla. 2nd DCA 1996) (tax deed issued in violation of the automatic stay is void); *In re Donovan,* 266 B.R. 862, 870–871 (Bankr. S.D.Iowa 2001) (burden is on the offending party to request annulment of stay; tax deed issued while automatic stay was in place was void).

■ In this case, the realty was property of the estate. Since the Lamberts' legal interest in the land spanned the pre-and-post-petition transactions by the county, the actions taken by the county constitute a violation of the automatic stay. Violations of the automatic stay are void. Therefore, the tax deed is avoided. The parties are to be returned to the status they enjoyed prior to the issuance of the tax deed.

### The Trustee Does Not Have the Power to Avoid Issuance of the Tax Deed

■ Paragraph 14 of the complaint asserts that Count II is an action to avoid a transfer pursuant to 11 U.S.C. § 549. Paragraphs 16 and 17 allege that a transfer of the realty occurred after the commencement of the case, and that the transfer was not authorized by the Code or the Court.

The Bankruptcy Code provides that "[e]xcept as provided in subsection ... (c) of this section, the trustee may avoid a transfer of property of the estate ... that occurs after the commencement of the case ... that is not authorized under this title or by the court." 11 U.S.C. §§ 549(a)(1), (a)(2)(B).

There is a distinction between actions in violation of the automatic stay, which are specifically prohibited, and actions which are not otherwise expressly authorized by the Bankruptcy Code (or the Court). *Garcia v. Phoenix Bond & Indemnity Co. (In re Garcia),* 109 B.R. 335, 339 (N.D.Ill. 1989). If this Court were to characterize acts in violation of the stay as something other than absolutely void, then sections 549(d) and 362 would conflict, because § 549(d) contains time limits in which to bring an avoidance action, while § 362 has no such time limitations. *New Orleans Airport Motel Associates, Ltd. v. Lee, et al. (In re Servico, Inc., et al.),* 144 B.R. 933, 935 (Bankr.S.D.Fla.1992) *citing Price v. Rochford,* 947 F.2d 829, 831 (7th Cir. 1991) (other citations omitted). The great weight of authority is that acts in violation of the automatic stay, and specifically post-petition tax sales, are void and not merely voidable. *In re Garcia* at 338, n. 7, 8.

Since acts in violation of the automatic stay are void, and not merely voidable, then this particular act, the issuance of the tax deed, is rendered void. Act II of the complaint is moot because § 549 is not applicable. There is no "transfer of property of the estate" for purposes of § 549(a) because the void transfer did not legally take place. Thus, there is no transfer for the trustee to avoid, and Count II of the complaint must be denied as moot.

### Conclusion

The interests that the respective parties had in the real property were fixed as of the date of the bankruptcy—nothing more, and nothing less. *See Dickerson v. Central Florida Radiation Oncology Group,* 225 B.R. 241, 244 (M.D.Fla.1998). Thus, the land is property of the estate, and it is impacted by the tax certificates serving as liens against the property. The tax deed issued by Bay County is null and void, and there is no transfer of real property for the trustee to avoid.

Count III of the complaint, seeking damages against the tax collector, is read by this Court as a count seeking damages in the alternative to the relief sought in counts I and II. As the trustee has been granted the relief sought in Count I, and Count II has been denied as moot, it is therefore

ORDERED AND ADJUDGED that the trustee's motion for summary judgment is GRANTED as to Count I, and DENIED as to counts II and III. A separate Order granting final judgment to the plaintiff trustee is issued in conjunction with this Opinion and Order.